Becker *v.* Stern, Appellant et al.

Argued October 30, 1934.

Be-
fore TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER and JAMES, JJ.

*Maxwell Pestcoe,* for appellant.

*Thomas O. Haydock,* for appellee.

OPINION BY STADTFELD, J., February 1, 1935:

This was a feigned issue upon a sheriff's inter-
pleader, founded on an execution issued by Milton
Stern, on a judgment against Samuel Shuster, on
which levy was made on a Buick automobile claimed
by William Becker.

In the issue framed, William Becker, claimant, was
plaintiff, and Milton Stern, plaintiff in the execution,
defendant.

Plaintiff's statement averred that the defendant,
Samuel Shuster, originally agreed to purchase the said
automobile from the Equitable Auto Finance Company
under an installment lease, and that he was unable to
carry out his undertaking with said company; that
thereupon plaintiff did advance to said company the
sum of $600 and obtained from the defendant, Samuel

Shuster, an assignment of all his right, title and interest in said car.

The assignment was set forth in the statement and attested by the Notary as having been executed on January 27, 1932; that thereupon, on or about the 28th day of January, 1932, defendant leased from the claimant the said automobile for a period of two years at the rental of $25 per month, copy of the lease being attached to the statement; that at the time of the service of the writ of execution (June 22, 1932) there was due and owing to claimant the rent for February, March, April, May and June, the sum of $125 and that claimant was entitled to possession.

The affidavit of defense averred that defendant's initials, "S. S.," were painted on the forward doors of each side of the automobile at the time of the levy, and was in the possession of defendant in front of his place of business, 1813-15 Callowhill Street; that the alleged transaction in the advancement of $600 by claimant on one day, and re-delivery of the car back to defendant on the next day, and the execution of a lease for the same was a fraudulent scheme to place the automobile beyond the reach of defendant's creditors.

At the trial of the case before the court and a jury, the following facts appeared: the averments of plaintiff's statement as to the original agreement of purchase by defendant from the Equitable Auto Finance Company, his inability to carry out his undertaking, the advancement by plaintiff of $600 to the Finance Company, and the assignment by defendant to plaintiff of all right, title and interest in the car, were offered in evidence and admitted; likewise the assignment bearing date January 27, 1932, and the transfer of possession to claimant; and the lease from claimant to defendant; also the averment that at the time of the issuing of the execution, defendant had no right, title or interest in the car except as lessee, in connection

with the averment in the affidavit of defense that the market value of the car at the time of its seizure was at least $750.

Samuel Shuster, defendant, was called as for cross-examination and testified that he was the brother-in-law of claimant; that he could not meet the payments to the Finance Company and that the claimant advanced five payments of $62.50 each, and the one-half of another payment, $32; that defendant being unable to make any further payment, claimant insisted on a transfer of title; that thereupon defendant executed an assignment of title and claimant took the car home; that on January 28, 1932, a lease for the car was prepared by his attorney and executed, providing for a rental of $25 per month.

Mrs. Ida Shuster, wife of Samuel Shuster, defendant, was called as a witness and corroborated the testimony of her husband; she further testified that on December 31, 1931, when Mr. Shuster was unable to pay back the money advanced by Mr. Becker, and unable to meet the payments to the Finance Company, she went with Mr. Becker to the Equitable Finance Company when Mr. Becker paid off the balance of $251 due to it, and had the title assigned to him, so that he could have the car for the money owed him; that Mr. Becker then took the car home with him; that on January 28, 1932, a lease was executed by claimant to her husband for the car.

At the trial, plaintiff asked leave to amend his statement by amending the date specified as to the assignment, to December 31, 1931, the date set forth therein being a typographical error.

Plaintiff's exhibit No. 3, offered in evidence, being the application for certificate of title by William Becker, bears date December 31, 1931. Mr. Albert H. Weston of the Equitable Finance Company, testified that the final payment to his company was made on December 31, 1931.

The notary who took the acknowledgment of Samuel Shuster was recalled, and counsel for plaintiff offered to prove by her that on December 31, 1931, she took an acknowledgment of Samuel Shuster to the certificate of title, plaintiff's exhibit No. 3; defendant's counsel admitted this fact, stating that the same is in the certificate, copy of which is in Harrisburg. While the court made no formal order allowing amendment of plaintiff's statement, we do not think the same was material in view of the admission.

William Becker, plaintiff claimant, testified that when Mr. Shuster could not repay the money which had been loaned to him, Mr. Shuster said "Go ahead and take the car;" that he, Becker, then paid the Finance Company $251, and the latter gave him the title certificate with the receipts on December 31, 1931; that he took them with the machine to his place at 920 N. 42nd Street; that he had possession of it for a month; that he subsequently gave it to Mr. Shuster, 1813 Callowhill Street, to fix up; that he executed a lease to Mr. Shuster at his attorney's office on January 28, 1932.

Milton Stern, defendant, called for cross-examination, testified that Mr. and Mrs. Shuster told him at the former's office on November 19, 1931, at the time he leased certain premises to Shuster, that the latter owned the car in question; that he saw Shuster's initials on the car and saw him riding in it constantly.

The judgment on which the execution in this case was issued, was pursuant to the terms of a lease from Milton Stern to Samuel Shuster, for certain premises situate at 1540-2 Callowhill Street, Philadelphia, bearing date November 19, 1931, for one year from December 1, 1931, at an annual rent of $2,400, payable $200 on the first day of each and every month. The judgment was entered in June of 1932 and damages assessed at $1,613.43.

There was no evidence of any other indebtedness on part of Samuel Shuster.

The court refused a request for binding instructions in favor of defendant and submitted the case to the jury in a charge, instructing them, "Now, was this transaction done for the purpose of avoiding a just judgment? We can't challenge that judgment, which has been recorded and execution issued upon it. Now, did the owner of this car transfer the title to his brother-in-law for the purpose of putting it beyond the reach of Milton Stern, the plaintiff in that judgment?

"If you think from all the evidence he did that, you can regard that as an invalid transfer and then your verdict should be for the defendant in this case.

"If, however, you think that on December 31, 1931, having given valuable consideration, if Shuster, unable to make payments to the Finance Company because of closing of his bank or other business reverses, if you think he made a transfer in good faith for a valuable consideration, of the title of that automobile to his brother-in-law, and that his brother-in-law is the proper owner of it, and was in June of 1932, then your verdict would be in favor of the plaintiff."

We believe that this was a fair statement of the issue involved.

Motion for new trial and motion for judgment in favor of defendant n. o. v. were overruled in an opinion by CRANE, J., and judgment entered in favor of claimant on the verdict.

Appellant assigns, inter alia, error in molding the verdict. The jury brought in a verdict of "not guilty" as to the claimant. The court molded the verdict into one in favor of claimant, after asking the jury, "Do you mean to find for the claimant?" to which the foreman replied, "Yes." We see no error in this as the verdict was only made to conform to what the jury intended.

Appellant also assigns as error the refusal of the court after conclusion of the trial, to allow the filing, as a part of the record, an affidavit as to certain alleged prejudicial remarks by counsel for claimant in referring to the defendant, in the argument to the jury, as "landlord" and "avaricious landlord." These alleged remarks, as stated in the affidavit, were not noted by the official stenographer and do not appear on the record. The motion was refused as stated by the trial judge, "because matters alleged are not within the recollection of the court." No exception was taken at the time the alleged remarks were made, nor was any request made to withdraw a juror, nor was any request made to the trial judge to instruct the jury to disregard the remarks alleged to have been made. We do not think that the matter was properly brought on the record and is not, under the circumstances, a proper subject of assignment of error.

Appellant's position is largely predicated upon the assumption that the transfer of title to claimant was made on one day, and the lease by claimant to Samuel Shuster on the following day. The great weight of the testimony warrants the finding that the title was transferred on December 31, 1931, and possession taken by claimant at the time, and that the lease from claimant to Shuster was not made until January 28, 1932.

Quoting from the opinion of the trial judge: "Had the writer of this opinion tried this case without the intervention of a jury, he would have reached the same conclusion as the jury did in this case, because he is convinced that the transfer of title in December of 1931, and the leasing of this car a month later, were transactions made in good faith long before the entry of judgment."

The issue of fact was necessarily for the jury, and it would have been error to have given binding in-

structions for defendant. In most of the cases cited by appellant, there was only a colorable change of possession and a contemporary redelivery to the former owner. They have no application under the circumstances of the instant case.

We think the verdict was fully warranted under the testimony, and the record shows no error which would warrant a reversal of the judgment.

The assignments of error are overruled and judgment affirmed.