460

Barry, Appellant, *v.* Galloway.

Argued November 15, 1950. Before Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ. (Rhodes, P. J., absent).

*Ella Graubart,* for appellant.

*Harry W. Miller,* with him *Rahauser, Van Der Voort, Royston, Robb & Leonard,* for appellee.

Opinion by Ross, J., March 12, 1951:

This trespass action involves a collision between automobiles. The jury returned a verdict in favor of the defendant, the plaintiff's motion for a new trial on the basis of alleged improper and prejudicial remarks

made by counsel for the defendant in his closing argument to the jury was refused by the court below, and this appeal followed.

Here we have an appeal in a case in which there is no record of the testimony, no record of the remarks alleged to have been made by counsel for the defendant, and consequently no objection to those remarks by counsel for the plaintiff. Obviously, on such record in a case we cannot hold that the learned court below abused its discretion in refusing a new trial.

The appeal is devoid of merit. We can add nothing to the opinion of the trial judge who, writing for the court en banc, in refusing a new trial, stated: ". . . plaintiff moves for a new trial on the sole ground that the jury must have been prejudiced against the plaintiff as the result of a remark made by defendant's counsel in summing up to the jury to the effect that 'the defendant is making no claim for damages to his car because they were so slight'. This language is attributed to defendant's counsel in an affidavit sworn to by plaintiff's trial counsel and denied in open court by defendant's attorney . . . . No testimony has been transcribed . . . . plaintiff's trial counsel sat mute at the moment of the uttering of the allegedly improper remark of defendant's counsel; nothing was noted of record by the official reporter, no exception was taken, and no request was made to withdraw a juror or to instruct the jury with respect to such alleged impropriety either at the moment or even later after the charge of the trial judge to the jury, when counsel were asked for suggestions or corrections or additions to the charge. See Becker v. Stern, 116 Pa. Superior Ct. 399, 176 A. 771. There is no point in considering the possibility or probability of prejudice in the uttering of the language attributed to counsel in view of the state of the record . . ."

Judgment affirmed.