## Wallace *versus* Floyd.

Where a person makes an agreement, with another, to perform certain services for a definite period, at a stipulated salary, and continues in such service beyond the period agreed upon, in the absence of any new contract, the presumption of law is that he continued under the same contract.

And where by consent of parties a new trial was granted upon terms, and defendant let into a defence " as to the value of plaintiff's services," such order and agreement would not exclude the standard of value fixed by the parties in their own contract.

The best evidence of the *value of the services*, was that mutually agreed upon by the parties themselves.

ERROR to the District Court of *Allegheny county*.

The facts of this case sufficiently appear in the opinion of Mr. Justice ARMSTRONG.

*Bigham* and *Watson*, for plaintiff in error.

*Penney* and *Sterrett*, for defendant in error.

The opinion of the court was delivered by

ARMSTRONG, J.—Nathan Floyd, who was plaintiff below, brought suit against W. W. Wallace, for three years and three months' services as clerk at Iron City Furnace. He declared in *assumpsit* in the common counts and on a *quantum meruit*. The pleas were *non assumpsit*, payment, &c. The cause was arbitrated, and an award filed in favour of plaintiff for $299.14, from which he appealed, and on a trial in court obtained a verdict for $650. The defendant, Wallace, moved for a new trial, and on the 17th of March, 1854, after argument, by consent of counsel, on payment of the amount of the award, with interest and costs, the verdict was set aside as to the residue of plaintiff's claim, and defendant let into a defence as to the *value of plaintiff's services*.

The cause again came on for trial, and in the course of it, the defendant, Wallace, alleged and proved a special contract at $300 per annum. And prayed the court to instruct the jury :—

1. That if the jury believe that the plaintiff engaged to serve the defendant at a fixed salary per year, he cannot recover more than the amount agreed upon.

2. That if defendant made a bargain at a fixed sum, and continued till he left without a special bargain to raise his salary, he is bound by his original contract; the presumption being, that he continued under the same contract.

To these points the court answered :—

" We decline to charge as requested in the foregoing points. When the verdict was set aside, it was on terms that the defendant might take defence as to the value of the plaintiff's services.

[Wallace *v.* Floyd.]

That is the issue in this case. The jury will determine from the whole evidence what was the value of the plaintiff's services."

It is very true, as contended for, that courts in granting new trials, have a right to make terms. The terms usually made are such as relate to the payment of costs, the compliance with rules of court, or with some stipulation not affecting the merits of the controversy. But to make terms which would change the nature of a contract, or shut out the evidence necessary to support it, might be an exercise of power not calculated in a very high degree to promote the interests of the parties. When, however, the terms on which a new trial is granted, are spread on the face of the record, their meaning is not to be gathered from any latent intention that may have existed, but from the import of the language used. It is admitted by the argument of the counsel for the defendant in error, that the points submitted on the part of Wallace, as abstract propositions, are correct, but it denies their application to this case. He insists that according to the terms of the order granting a new trial, the issue was "as to the value of the plaintiff's services." That the question was not how much Wallace agreed to give, or Floyd proposed to take, but simply how much the services were worth independent of the contract. And the error of the court was in thinking with the claimant's counsel. The terms of the order did not restrict or prescribe the mode or kind of proof by which the value of the services was to be ascertained. I know of no standard of value that could be more satisfactory than that which the parties fix for themselves; and where there is a special contract, fixing the terms and conditions on which one party shall serve another, in the absence of proof rescinding or altering it, it is conclusive. If a tenant holds over without notice to quit, or a new contract, the terms and conditions of his old lease will govern. So, if a man agree to serve another for a month or year, at a stipulated sum per month or year, and silently continues longer in the service, it will be on the old terms. If there was a special contract existing, it was the duty of Floyd to give notice to his employer if he wished to alter or enlarge its terms; and it would then have been incumbent on Wallace to accede to the demand or terminate the service. The court said in answer to the defendant's offer, " The inquiry is as to the value of plaintiff's services, and not as to the contract price; and, so far as the evidence may tend to show their value, it is admitted." From this the jury might very readily suppose that the " contract price" was excluded, and that it was only the *other evidence* in the cause from which they could fix the value. If no contract was proved, this might be correct. But if there was a special agreement, as is alleged, not changed or rescinded, it would control; and it was error to mingle it with other evidence to enhance the value.

Judgment reversed and *venire de novo* awarded.