## Daniel Kane v. A. H. Moore, Appellant.

*Master and servant—Contract—Hiring by year.*

Defendant desiring to employ plaintiff as a trainer of horses wrote him as follows: "I will give you $60.00 cash per month, and board, and if you remain with me to the end of the year, I'll add $15.00 per month, making $75.00 per month." Plaintiff wrote in reply: "I accept your terms; I will work for $60.00 per month including board, and at the end of the year, you are to pay $120; or, in other words, at the rate of $75.00 per month; you keep $15.00 back each month, and pay me, as above stated, at the end of the year." Defendant answered: "It is understood that I pay you $60.00 per month and board from May 1, to January 1, 1893. On January 1, 1893, if in my employ, I am to pay you $15.00 per month extra for May, June, July, August, September, October, November and December eight months in all, or $120 in full." *Held*, that the contract was from the first of May to the first of January, a hiring by the year and not by the month.

Argued Feb. 4, 1895. Appeal, No. 470, Jan. T., 1895, by defendant, from judgment of C. P. Montgomery Co., March T., 1893, No. 41, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, Mitchell and Dean, JJ. Affirmed.

Assumpsit to recover balance of wages alleged to be due under a contract of hiring. Before Swartz, P. J.

At the trial the following correspondence was offered in evidence :

"May 3, 1892.

"Mr. D. Kane,

"Your note to hand. I am willing to make same arrangement with you that was made with Mr. Russell, viz: I'll give you $60 cash per month and board and if you remain with me to the end of the year I'll add $15.00 per month making it $75 per month.

"I had a talk with your friend Tanner that works for Mr. Grady at Belmont track and he said he thought my offer was a fair one for you, and if he saw you he should advise you to accept it. Reply if satisfactory.

"Truly,            A. H. Moore."

To which Kane replied as follows :

" May 3, 1892.

" Mr. MOORE,

" Dear Sir:—Yours of even date to hand. I accept your terms. I will work for 60 per month including board and at the end of the year you are to pay me $120.00 dollars or in other words at the rate of $75.00 dollars per month, you keep $15.00 dollars back each month and pay me as above stated at the end of the year:

" I remain yours truly,

" DAN KANE."

Mr Moore replied as follows:

" May 3, 1892.

" Mr. D. KANE,

" Dear sir:—Yours to hand this P. M. It is understood that I pay you $60 per month and board from May 1st to Jan. 1st, 1893. On Jan. 1st, 1893, if in my employ I am to pay you $15.00 per month extra for May, June, July, August, September, October, November and December, 8 months in all or $120 in full. I hope you will do well. You can dine with Mr. S. and Mr. Sheppard at private table in D. Room. Let me hear from you.

" A. H. M."

On August 12, 1892, Mr. Moore wrote as follows:

" Aug. 12, 1892.

" Mr. D. KANE, My Dear Sir:—I am under such an expense that I find it necessary to reduce my expenses this fall, should I do so I may not want you after September. In doing so it is not that I am displeased but I find that Mr. S. and yourself cannot both be kept busy with what stock I have. I am paying out so much that I feel I should try and save some. So long as you are with me Mr. S. does not have enough to do, and I thought it might be good to have him look constantly after the stock hereafter. I will see you later about the matter. If you can get another place by September, I could spare you at that time.

" Truly,      A. H. MOORE."

On October 15th Mr. Moore wrote as follows: " Your note to hand this P. M. I notified you some little time ago that Mr. Saunders would be at farm shortly and would train his own

material and that I could not possibly employ you longer than Oct. 15.

" You are *mistaken* in thinking you have any specified contract with me for any length of time. I engaged your services by the month and you have been *paid* at the expiration of *each month.* Mr Sheppard will settle with you to Oct. 15. If you do not feel like taking the *amount due you* and think you have a contract and can do better you have my free consent to use the law for your rights when you feel disposed.

" After October 15th, you will be off the *pay roll.*

" I think I've done my duty *towards you* and if you think not, try and collect on your contract if you are so fortunate as to have one. I am sorry we cannot close our matter cordially."

Defendant claimed that the contract was a contract of hiring by the month. He also introduced evidence that plaintiff had spoiled several colts in training them.

The court after commenting on the evidence as to plaintiff's alleged incompetency further charged as follows:

" [You will take all this testimony and if you find the plaintiff was incompetent, then the defendant had a perfect right to discharge him, because, as I said, when he entered into the employ of the defendant there was an implied agreement or covenant that he was competent and had proper qualifications to do the work that was assigned to him, that he had reasonable skill to do the work that was assigned to him."

Mr. Hunsicker: " Your honor omitted one important matter. The plaintiff said he had no experience whatever in training youngsters. "

The Court: " You will remember, of course, not only the testimony to which I have called your attention but any other testimony in the case. You have heard what was said by the plaintiff as to his experience with young stock colts. You will take that into consideration. You have also heard the testimony as to what kind of judgment, training and skill are necessary to prepare a man to take charge of such stock.

" The defendant says that the plaintiff was incompetent. You have, however, a right to say that his testimony is contradicted by the written evidence that was given in this case, because he did give a letter to the plaintiff in which he said he was not displeased, (I think is the word he uses,) with him.

You will say whether a man would write that kind of a letter if two or three of his valuable colts had been injured to the extent that he says they had been injured, and if he believed the plaintiff was the cause of such injury. Would he say when he gave him his letter indicating that he had no further service for him, that he was not displeased with him? You have, however, the explanation that the defendant gives of this letter. He says, ' It is true I wrote this letter but I did it out of kindness to the plaintiff. I knew that if I put the truth into the letter that he could not get employment elsewhere.' You will say whether that explanation is reasonable and whether you will believe it. The whole testimony is for you.] [7]

Verdict and judgment for plaintiff for $357.85. Defendant appealed.

*Errors assigned*, among others, were (1) in holding that the contract was a contract of hiring by the year; (7) portion of charge as above, quoting it.

*Charles Hunsicker*, for appellant.—The learned court gave no effect to the words, " on January 1, 1893, if in my employ I am to pay you " etc. This we contend meant the right to discharge at any time prior to January 1, 1893. The employment was conditional, and if the employee remained in the service of the defendant, either of his own volition, or because not sooner discharged, then of course the pay was to be $15.00 per month more : Haney v. Caldwell, 35 Ark. 156; Daveny v. Shattuck, 9 Daly (N. Y.), 66; Wood on Master and Servant, 157.

Defendant had a right to discharge plaintiff : Allentown Iron Co. v. McLaughlin, 24 W. N. C. 343.

*N. H. Larzelere*, *M. M. Gibson* with him, for appellee.—The contract was one of hiring by the year.

The competency of the plaintiff was for the jury: Hand v. Coal Co., 143 Pa. 408; Matthews v. Park Bros., 146 Pa. 392.

PER CURIAM, April 1, 1895 :

This contention depends on the contract of hiring, evidenced by letters, which passed between the parties on the subject, copies of which are recited in the first specification. The construction of these letters was, of course, for the court. Taking

into consideration all the correspondence bearing on the subject, we think the learned trial judge correctly concluded that the hiring was by the year, as claimed by the plaintiff, and hence he was entitled to recover unless the defendant could show a good and valid reason for sooner terminating the contract. There is nothing in either of the specifications of error that requires a reversal of the judgment.

Judgment affirmed.