## Strauss *v.* Mendelsohn, Appellant.

*Partnership—Participation in profits—Intention.*

A mere participation in the profits of a business will not make the parties partners, inter se, whatever it may do to third persons unless they so intend.

In an action of assumpsit based upon an agreement in writing signed by the defendant alone, it appeared that defendant agreed in the writing to pay to plaintiff the sum of thirteen hundred dollars, subject to three conditions: (1) that in lieu of interest defendant should pay forty per cent. of the profits earned in his business provided the profits exceeded twenty-five hundred dollars; (2) that if less than twenty-five hundred was earned the promise to pay would be renewed for another year on the same terms; and (3) that if the business showed a loss, plaintiff was to accept another promise to pay thirteen hundred dollars less fifteen per cent. under the same terms for another year. The action was brought after the end of the second year for thirteen hundred dollars less fifteen per cent., the business having resulted in a loss. *Held,* (1) that there was no partnership between the parties inter se; (2) that there was no obligation by the plaintiff to wait longer than a period of two years; (3) that the plaintiff was entitled to recover the amount claimed in the suit.

Submitted Feb. 29, 1916. Appeal, No. 327, Oct. T., 1915, by defendant, from order of C. P. No. 2, Philadelphia Co., March T., 1915, No. 4546, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Clara Strauss v. Charles J. Mendelsohn. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for money loaned.

From the record it appeared that the claim was for thirteen hundred dollars less fifteen per cent., and that suit was brought on May 10, 1915. The action was based on an agreement in writing which was as follows:

CHARLES J. MENDELSOHN,
maker of the
BUILT TO FIT
Cloaks and Suits
153 N. Tenth St., Philadelphia, Pa.

JANUARY 1, 1913.

April 15, 1914, I promise to pay Clara Strauss thirteen hundred ($1300) dollars upon the terms and conditions following to wit:

1. In place of paying interest on the above amount I agree to give Clara Strauss forty (40) per cent. of the profits earned by my business known as Charles J. Mendelsohn provided the profits earned shall exceed $2,500. From this profit I shall for valuable consideration deduct the sum of five hundred ($500) dollars to be put back into the business.

2. In the event of the aforesaid business showing a profit of less than $2,500 I agree and Clara Strauss by the acceptance of this agrees to accept another promise to pay on the same terms and conditions for another year.

3. In the event of the aforesaid business showing a loss I agree and Clara Strauss by the acceptance of this agrees to accept another promise to pay 1300 dollars less 15 per cent. upon the same terms and conditions for another year.          CHARLES J. MENDELSOHN.

The case turned upon the construction of the written instrument.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Leo G. Bernheimer, Joseph H. Sundheim* and *I. Lasker Greenberg,* for appellant.—Under this agreement the plaintiff became the partner of the defendant, first, as to creditors, at least to the extent of her investment; and

second, as to the defendant to the extent of sharing the profits and losses of the business: Wessels v. Weiss, 66 Pa. 490; Edwards v. Tracy, 62 Pa. 374; Poundstone v. Hamberger, 139 Pa. 319; Lord v. Proctor, 7 Philadelphia 630; Com. v. Arnheim, 3 Pa. Superior Ct. 104.

*Henry Arronson* and *Louis Winkleman,* for appellee.

OPINION BY TREXLER, J., July 18, 1916:

The court below entered judgment for want of a sufficient affidavit of defense. It was admitted by both sides that the case must be determined upon the construction of Exhibit "A," forming part of the plaintiff's statement of claim and which appears in the reporter's notes. It will be observed that the first clause in the agreement is a definite promise to pay to the plaintiff the sum of $1,300.00. To this promise there are three conditions annexed. The first is that instead of paying interest on the amount, the defendant promised to pay to the plaintiff 40% of the profits earned by the business in which he was engaged provided the profits exceeded $2,500.00, and that $500.00 of the profits was to be put back in the business. The second condition was that if less than $2,500.00 was earned in the business, the promise to pay was to be renewed for another year on the same terms and conditions, and the third condition was that if the business showed a loss plaintiff agreed to accept another promise to pay the $1,300.00 less 15% on the same terms and conditions for another year.

A large part of the discussion in the paper books is devoted to the question as to whether this agreement constitutes a partnership. It will be observed that it is not signed by both parties. It is but a promise on the part of the defendant to pay, depending upon the success of the business, a certain sum in lieu of interest. There is nothing in the agreement which indicates that the plaintiff is to be a partner in the business. Whether it has that effect as far as the creditors of the defendant are

504, (1916).]          Opinion of the Court.

concerned is not involved in the present controversy. A mere participation in the profits of a business will not make the parties partners, inter se, whatever it may do to third persons, unless they so intended: Kaufmann v. Kaufmann, 222 Pa. 58 (68). It appeared by the pleadings that the business of the defendant was conducted at a loss. His promise to pay on April 15, 1914, under the third clause of the agreement was continued for the period of another year and the amount of the sum to be paid was reduced by 15%. We cannot construe the agreement as indicating that there was any obligation on the part of the plaintiff to wait longer than a period of two years. The promise to accept an extension of the time was for another year and at the expiration of said year the promise to pay became absolute. In other words, on the 15th of April, 1915, the promise to pay the $1,300.00 less the 15% became absolute. Suit was brought May 10, 1915. We think the learned judge of the lower court was fully justified under the pleadings in entering judgment for the plaintiff. As the agreement of the parties was in writing and the facts as disclosed by the pleadings are undisputed, the same conclusion would have necessarily followed upon trial of the case.

Assignments of error are overruled. Judgment affirmed.