## Wilson, Appellant, *v.* Grebe.

*Partnership—Individual partnership—Money loaned—Liability of
partnership—Evidence—Sufficiency.*

In an action of assumpsit to recover from an individual money
alleged to have been loaned to a partnership of which he was a
member and used for partnership purposes, a non-suit is properly
entered, where the evidence of the plaintiff fails to establish that
the money was ever loaned to the partnership or that a partnership
actually existed.

Argued October 21, 1926. Appeal No. 252, October
T., 1926, by plaintiff, from judgment of C. P. No. 2,
Philadelphia County, September T., 1925, No. 1583, in
the case of Robert Wilson v. Emil Grebe, otherwise
Emil Grebey. Before PORTER, P. J., HENDERSON, TREX-
LER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit for money had and received. Before
LEWIS, J.

The facts are stated in the opinion of the Superior
Court.

The Court entered judgment of non-suit, which it
subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was refusal to strike off non-suit.

*James Yearsley,* for appellant.—The issue of the existence of the partnership was for the jury: Edwards v. Tracy, 62 Pa. 374 (1869) ; Hill v. Curtis, 139 N. Y. S. 428; McCoy v. Lightner, 2 Watts 347 (1834) ; Scott v. Kennedy, (No. 2), 201 Pa. 470 (1902).

*Edward J. Kirchner,* of *Kirchner, Mitchell & White,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

This is an appeal from the refusal of the court below to take off a nonsuit and arises out of these facts: Robert Wilson, plaintiff below and appellant here, during the period between October 22, 1924, and January 5, 1925, lent Morris Jerusalemsky, alias dictus J. (Jacob) Mores, a real estate operator, various sums of money aggregating $1505, for which amount he brought suit in the Court of Common Pleas No. 5 of Philadelphia County as of December Term, 1924, No. 13,902, and obtained judgment for the amount of his claim with interest. On this judgment he collected several hundred dollars, leaving a balance due appellant of $1375. Subsequent to the recovery of the judgment Wilson acquired certain information upon which he based the present suit against Emil Grebey (Grebe), the appellee, and by this action sought to recover the above mentioned balance of $1375 from him on the ground that Grebey was a partner with Jerusalemsky and his wife, Helena, in certain real estate operations involving the purchase, renting and offering for sale of forty-two houses on Jessup St., Philadelphia, and that the moneys which he had loaned Jerusalemsky had been applied to the furtherance of this project. The title to the real estate was acquired in July, 1924, and was held by Helena Jerusalemsky. In his affidavit of defense Grebey denied that he had ever been a partner of Morris and Helena Jerusalemsky in any business en-

terprise and averred that his only relation with them was that of a creditor in the amount of approximately thirty thousand dollars, which he had lent in the early part of 1924 to Morris Jerusalemsky to assist him in carrying on the venture. The issue at the trial therefore was whether Grebey was liable as a partner with the Jerusalemskys to Wilson for the $1375, which Jerusalemsky had borrowed from Wilson. At the conclusion of plaintiff's testimony a nonsuit was entered for the reason as stated by the learned court below that, even if it be assumed that there was a partnership, there was not sufficient testimony to indicate that the obligation of Jerusalemsky to Wilson was contracted on its behalf or that the money was devoted to partnership purposes,—its tendency being to show rather that the loan was a personal one. In the opinion refusing to take off the nonsuit it was also held that the evidence did not show a partnership. The correctness of these conclusions is challenged by the assignment of error. The question raised is one of liability of members of an alleged partnership to a third person, the appellant. "There are three classes of cases in which parties may become liable to third persons as partners: 1st, When they are actually partners inter se by express agreement. 2d, When not being partners inter se, or entitled to any share of the profits, they hold themselves out to the world as such by acts or declarations, and the particular creditor who sues trusts them as partners on the faith of such acts or declarations. 3d, When there is an agreement to receive a share of the profits as such and not a mere commission on profits, or a sum equal to a certain share of the profits, as a compensation for services": Irwin et al., v. Bidwell et al., 72 Pa. 244, 249. Under paragraph four of section seven of the Act of March 26, 1915, P. L. 18, 19, one of the rules for determining whether a partnership exists is that

"The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received: [inter alia] (d) as interest on a loan, though the amount of payment vary with the profits of the business". There is no evidence that when the loans were made Jerusalemsky by act or declaration represented himself as a partner with Grebey; nor is there evidence of any acts or declarations by anyone which could possibly lead Wilson to believe that he was lending his money for use by a partnership of which Grebey was a member. It does not appear that appellant then knew of the loans by Grebey to Jerusalemsky or even of the existence of Grebey. The only question therefore is whether there was actually a partnership. The most important item of evidence on this question was an agreement in writing entered into between Jerusalemsky and his wife and Grebey under date of August 28, 1924. This agreement, after reciting that Helena Jerusalemsky had taken title to the forty-two lots (encumbered by certain mortgages) and that at the time of the purchase and at other times Morris Jerusalemsky had made certain loans and secured certain advances from Grebey, represented by notes held by him, provides, for the purpose of better securing these loans or advances, that it is acknowledged that the moneys thus secured were used in the purchase of the premises described and is agreed that in the event of any sale there should be paid to Grebey the moneys due him out of the proceeds thereof. There is a further provision to the effect that no interest shall be computed upon the loans but, in the event of a sale, Grebey should be paid one-third of the net profits realized and until the lots were sold should receive one-third of the net rents, issues and profits therefrom. We agree with the learned trial judge that this agreement

is within the above quoted exception of the Act of 1915 and did not establish a partnership between Grebey and the Jerusalemskys: See also Strauss v. Mendelsohn, App., 63 Pa. Superior Ct. 504. We have read all the testimony and are of opinion that, even if a partnership relation could be found to exist, there was not sufficient evidence supporting appellant's averment that his money had been borrowed by Jerusalemsky "for and on account of said co-partnership" to submit to a jury. The oral testimony need not be discussed in detail, but, for instance, when asked whether Jerusalemsky told him what he wanted the money for appellant replied "Told me he was in an awful hole and needed money very badly; didn't tell me just exactly what he wanted it for," and Jerusalemsky testified "I took that money for my own purposes to do some certain things for myself. ....... I got to pay my rent, my other expenses". The case is barren of evidence indicating anything more than that appellant made a personal loan to Jerusalemsky from which Grebey did not benefit in any way and that Grebey's relationship was simply that of another creditor of Jerusalemsky who, in lieu of interest on his loans, had agreed to take a share of the net profits of the business. The nonsuit was properly entered.

The assignment is dismissed and the judgment affirmed.