# Ben F. Levis, Inc., v. Axe's Department Store

*Levi, Mandel & Miller,* for plaintiff.
*Lipschultz & Lipschultz,* for defendant.

WINNET, J., November 14, 1947.—Plaintiff was employed as a resident buyer in the City of New York by defendant. The employment was under a written agreement for an initial term of six months commencing May 15, 1942, and with the provision that the contract would "continue, renew and be extended for a period of one year from the expiration of the original terms mentioned herein" unless notice of termination is given

30 days before the expiration of the contract of the intention not to renew it. On December 26, 1946, defendant notified plaintiff of its desire to terminate the contract as of December 31, 1946. Prior to that plaintiff's compensation was increased from time to time and at the time the notice was received it was receiving the sum of $900 per year, payable monthly in the sum of $75, plus a monthly postage charge of $2.50.

Plaintiff has brought suit for five monthly installments due from December 15, 1946, to May 15, 1947, claiming that under the original written agreement its employment was on a year-to-year basis and could not be terminated by the notice of December 26th.

Defendant has filed preliminary objections to the bill of complaint saying that the written agreement terminated on November 15, 1943, one year after the first six-month period and that thereafter plaintiff's employment was at the will of defendant, which could be terminated at any time.

Counsel for defendant argued that the contract is governed by the law of Pennsylvania and cited two authorities (Fried et al. v. Fabiani et al., 120 Pa. Superior Ct. 558, and Strauss v. Mendelsohn, 63 Pa. Superior Ct. 504), for the proposition that a contract of employment for a definite period expires at the end of the period and becomes thereafter, if continued, a contract terminable at will by either party. Counsel for plaintiff argued that the contract is governed by the law of the State of New York, where it is clear that where a contract for employment for a definite period is continued at the expiration of that period without a new contract, the presumption is that the employment is continued on the terms of the original contract.

There was a dispute between the parties as to the place where the contract was executed. This was dependent on where the last signature to the contract was affixed. We need not concern ourselves with this phase

of the argument. There can be no doubt that the contract was to be performed in the State of New York. Plaintiff was employed as a resident buyer in the City of New York. The general rule is that it is the presumed intention of the parties that the validity, nature, obligation and interpretation of the contract is to be governed by the law of the place of performance. A leading case on this subject is Musser v. Stauffer, 192 Pa. 398, in which the court said (p. 405) :

"Generally as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere; but when it is made in one state or country to be performed in another state or country its validity and effect are to be determined by the laws of the place of performance. It is to be presumed that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise these laws determine the mode of fulfillment and obligation and the measure of liability for its breach." To the same effect is Cookson v. Knauff et al., 157 Pa. Superior Ct. 401.

A statement of the law of the State of New York is contained in Foster v. White, 253 App. Div. 448. Defendant was employed by plaintiff under a written contract for a term of one year, terminating December 31, 1933. He continued in the employment beyond the term for several years, his compensation being increased from time to time. Plaintiff terminated for the reason that defendant refused to sign a new contract and the question involved was whether defendant at the time was serving under the original contract. If he was then plaintiff had no right to require a new contract and could not legally terminate the old one and thereafter enjoin defendant from obtaining employment elsewhere under the restrictive covenant of the original agreement. The court held that the original contract

continued and since plaintiff's discharge of defendant was without cause he could not have the aid of equity to enjoin defendant in his new employment. The acquiescence of the parties, the case holds, in operation year after year, under a 1932 contract, is equivalent to an express agreement to a continuance or renewal from year to year of the original contract. The court said (p. 452):

"The fact that, from time to time, for nearly three years, plaintiffs increased defendant's salary, does not militate against the claim that the parties were continuing to operate under the 1932 contract, renewing the same from year to year, . . ."

In Carter v. Bradlee, 245 App. Div. 49 (affirmed 269 N. Y. 664), the contract began November 1, 1924, for a term of two years. At the expiration plaintiff continued in the employ of defendant until his discharge on April 30, 1931. The court said (p. 50):

"Under these circumstances we are of opinion that plaintiff's term of employment was at least good for annual renewals upon the same terms and that ordinarily he could not be discharged until October 31, 1931." See also Mendelson v. Bronner, 124 App. Div. 396; Adams v. Fizpatrick, 125 N. Y. 124; Mason v. N. Y. Produce Exchange, 127 App. Div. 282.

Lest we give the impression that the law of Pennsylvania is different from New York, we hasten to say we can find no difference. Fried v. Fabiani and Strauss v. Mendelsohn, supra, cited by counsel do not deal with the question here involved. The only cases we could find, and which we believe are controlling, are Wallace v. Floyd, 29 Pa. 184, and Ranck v. Albright, 36 Pa. 367. The proposition of law as there stated is that where a person makes an agreement with another to perform certain services for a definite period at a stipulated salary and continues in such service beyond

the period agreed upon, in the absence of any new contract, the presumption of law is that he continued under the same contract. In Wallace v. Floyd, supra, the court said (p. 185):

"So, if a man agree to serve another for a month or year, at a stipulated sum per month or year, and silently continues longer in the service, it will be on the old terms."

These two cases are cited in L. R. A. 1918 C 706, where it is stated:

"The great weight of authority is to the effect that an employee originally hired for a definite term who continues to render the same services after the expiration of such term without explicitly entering into a new agreement is prima facie presumed or deemed to be serving under a new contract having the same terms and conditions as the original one, the continuance in the employment of the hirer with the consent of the latter after the time specified in the contract being equivalent to a new hiring for the same length of time, on the same terms."

1 Williston on Contracts, 255, §90, says:

"Where a contract of employment for a definite time is made and the employee's services are continued after the expiration of the time, without objection, the inference is that the parties have assented to another contract for a term of the same length with the same salary and conditions of service." Wallace v. Floyd, supra, is cited as a supporting case.

Our ruling, therefore, is that plaintiff's employment continued on a yearly basis and could only be terminated by 30 days' notice before the expiration of the term. The preliminary objections are overruled and leave is given to defendant to file an answer to the merits within 15 days.