## Smith, Appellant, *v.* Shallcross et al.

Argued April 18, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*William H. Turner*, with him *Robertson & Turner*, for appellant.

*Robert W. Beatty*, with him *Butler, Beatty, Greer & Johnson*, for appellees.

OPINION BY RENO, J., November 15, 1949:

In this action by an employe against his employers upon their contract of employment plaintiff recovered a verdict for $6,442.71. Upon defendants' motion the court below entered judgment n. o. v. "in favor of the defendants to all amounts over $924.31," and judgment for plaintiff for the last stated sum. Plaintiff appealed.

The legal question is: Did the contract provide for employment at will, for a year, or from year to year?

There is virtually no dispute about the facts. In the small area of evidential conflict we accept plaintiff's version, since he has the verdict: *Lucacher v. Kerson*, 158 Pa. Superior Ct. 437, 45 A. 2d 245.

Plaintiff had been connected with the electrical appliance business for many years. The defendants constitute a partnership, consisting of Dewees H. Shallcross and his three sons, and are engaged in the manufacture of electrical instruments. During the late war plaintiff, under a leave of absence from his former employer, was the regional manager of the radio and radar division of the War Production Board, and in that capacity supervised operations of defendants who had government contracts.

Near the end of the war with Japan, Dewees Shallcross initiated negotiations with plaintiff, and offered him employment as sales manager. Plaintiff stated that when he was released by the War Production Board he intended to return to his former employment where he

had worked for a number of years, that he had reached the age when he feared unemployment and would not accept a position unless it was permanent, assured him a minimum annual salary of $6,000, and in which there was a possibility of earning $10,000 per annum. Shallcross stated that the partnership was interested in the permanent employment of plaintiff, and as a result of further conferences between him and the other partners a verbal agreement was reached which was confirmed by a letter dated October 2, 1945. Combining the paragraphs and eliminating an immaterial statement, the letter follows:

"This is to confirm our conversation of September 15, 1945, in which we offered and you accepted the position of sales manager for our company, with the following terms: salary of $3000.00 a year, and a commission of 1% on net sales, with the exception of charges for repairs. We also guarantee that your minimum earnings from salary and commissions will be at least $6000.00 for the first year. The salary of $3000.00 is to be paid in twenty-six equal installments, and in addition you are to receive a drawing against commissions once a month in an amount that added to your salary will equal $500.00 a month. Your drawings against commissions will be charged against an account to be opened on the books, and will be credited with 1% of net sales. Settlement of this account is to be made at least once a year prior to the closing of our books for our fiscal year which is October 31. . . ."

Pursuant to the letter plaintiff began his work on October 16, 1945. Defendants' accountant told plaintiff that defendants' fiscal year began November 1, and at his request, plaintiff agreed to accept $250 in full for salary and commissions for the last half of October and to calculate the official contract year from November 1. After working for more than a year, plaintiff was dis-

charged on February 1, 1947. The only reason for the discharge was necessity for economy.

The court below lucidly demonstrated that the contract embodied a hiring for a definite period and not at will. It considered the written instrument and the circumstances in which it was made (*Weidman v. United Cigar Stores Co.*, 223 Pa. 160, 72 A. 377), and concluded that since it provided a guarantee of $6000 for the first year, payable in 26 equal installments (*Kirk v. Hartman & Co.*, 63 Pa. 97) and a settlement at least once a year, plaintiff had been hired for a year: *Kane v. Moore*, 167 Pa. 275, 31 A. 631; *Jones v. Pittsburgh Mercantile Co.*, 295 Pa. 219, 145 A. 80; *Swayne v. Pressed Steel Car Co.*, 298 Pa. 31, 147 A. 837; *Howard v. Siegel*, 121 Pa. Superior Ct. 519, 184 A. 272; *Lucacher v. Kerson*, supra, affirmed in 355 Pa. 79, 48 A. 2d 857. The arrangement made by defendants' accountant indicated that they themselves so construed the contract.

However, the learned court held that there was no legal basis for recovery of salary after plaintiff's discharge. It concluded that the contract provided employment for one year only, that thereafter there was a hiring at will, and that plaintiff's discharge was not a breach of contract. Accordingly it reduced the verdict to $924.31, which sum was admittedly due if defendants' theory of the case prevailed.

This was error. Williston succinctly stated the settled principle: "Where a contract of employment for a definite time is made and the employee's services are continued after the expiration of the time, without objection, the inference is that the parties have assented to another contract for a *term of the same length with the same salary and conditions of service,* following the analogy of a similar rule in regard to leases." 1 Williston, Contracts, §90 (Emphasis added). The rule is abundantly supported by numerous cases in many jurisdictions, and among those cited by the author is our own

*Wallace v. Floyd,* 29 Pa. 184. In that case an employe claimed a higher salary than that agreed upon in his contract of hiring for a definite term, and our Supreme Court said, p. 185: "If a tenant holds over without notice to quit, or a new contract, the terms and conditions of his old lease will govern. So, if a man agree to serve another for a month or year, at a stipulated sum per month or year, and silently continues longer in the service, it will be on the old terms. If there was a special contract existing, it was the duty of Floyd to give notice to his employer if he wished to alter or enlarge its terms; and it would then have been incumbent on Wallace to accede to the demand or terminate the service."

To the same effect are the rules stated in 35 Am. Jur., Master and Servant, §§15, 19 and 56 C. J. S., Master and Servant, §§8-10. From a large collection of relevant cases the following rule was deduced: "The great weight of authority is to the effect that an employee originally hired for a definite term who continues to render the same services after the expiration of such term without explicitly entering into a new agreement is prima facie presumed or deemed to be serving under a new contract having the same terms and conditions as the original one, the continuance in the employment of the hirer with the consent of the latter after the time specified in the contract being equivalent to a new hiring for the same length of time, on the same terms." L. R. A. 1918C 706. More recently the principle has been stated in these terms: "If an agent is employed for a specified period of a year or less and thereafter continues in the employment, without further arrangements being made, it ordinarily is inferred that the employment continues upon the same terms and for a similar period as that for which he was first employed. If an employment is for a series of such periods, as from month to month or year to year, it terminates at the end of one of the periods only if notification of revocation or renunciation

is given by the principal or the agent at a reasonable time before the end of the period. No definite rule as to when a notification is reasonably given can be stated." Restatement, Agency, §442, Comment e.

Since plaintiff was hired for the definite period of one year and continued to render service after the expiration of that period the jury, in the absence of countervailing testimony, of which there was none, could reasonably draw the inference that his contract had been renewed by implication for another year at the same salary and under the same conditions. Accordingly plaintiff is entitled to his verdict. The court below entered judgment for plaintiff and so only a correction and modification of that judgment is required.

The judgment for plaintiff is modified by substituting the sum of $6,442.71 for $924.31, and as so modified the judgment of the court below is affirmed.