**H. Charles TESTARD, Plaintiff,**

v.

**PENN–JERSEY AUTO STORES, Inc., a Delaware corporation, Defendant.**

**Civ. A. No. 14847.**

United States District Court
E. D. Pennsylvania.

Dec. 11, 1956.

Goldstein & Barkan, Philadelphia, Pa., for plaintiff.

Earl Jay Gratz, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff has obtained a jury verdict against the defendant. Defendant has filed a motion for a new trial and a motion for judgment in its favor notwithstanding the verdict.

---

In view of the verdict in favor of the plaintiff the facts may be stated as follows: Defendant, the owner of a chain of automotive supply stores, decided in 1952 to open a number of associate stores. The associate stores were not to be owned by defendant. They were to be owned and operated by their respective proprietors, who would purchase their stock from defendant and use defendant's name and advice in opening and running their businesses. The associate store project was a new one for defendant and a way of doing business in which it had no experience. Consequently, it advertised for someone to assist it in its new project. Plaintiff, who had had experience in the opening and management of associate stores, answered the advertisement. Defendant's vice president telephoned plaintiff at his home in Memphis and asked him to come to its office in Philadelphia for an interview. At the interview plaintiff and defendant's president and vice president discussed plaintiff's qualifications and experience. They also discussed the subject of what would be involved in the opening of associate stores. Plaintiff explained that it would take considerable time to open such stores, both because a great deal of survey and promotional work would be required and also because he, being a stranger to the Philadelphia area, would have to spend considerable time in familiarizing himself with the area, the towns in it, and the problems involved in the selection of good store sites. When the question of plaintiff's salary came up at the interview plaintiff said he "would want $10,000 for the first year. * * * I don't know what I will want in the second year; but let us cross that bridge when we come to it." Defendant agreed to employ plaintiff at $10,000 a year and agreed further that plaintiff "would manage and handle our [the] associate deal * * * in its entirety" and to move plaintiff's "household" from Memphis to Philadelphia.

Plaintiff accepted the offer of the position and moved his family and household from Memphis to Philadelphia. On June 16, 1952, he entered upon the performance of his duties under the contract. On August 28, 1952, defendant discharged plaintiff and has paid him nothing since that time.

■ Contending that he had a contract for a year plaintiff, in his diversity action, is seeking to recover the balance of his year's salary, less $1,600, which he earned in other employment during the remainder of the contract year. Defendant's defense is (1) that the employment was a contract at will and not for a year and (2) that plaintiff was properly discharged for cause for failing properly to perform his duties under the contract. The verdict in favor of the plaintiff is in the full amount of his claim, together with interest.

The law relative to the duration of employment contracts of this kind is stated in the Restatement of the Law of Agency, Section 442b, as follows:

"Salary proportioned to time units. The fact that a servant or other agent is employed under a contract which merely specifies a salary proportionate to units of time which are commonly used for the purposes of accounting or payment, such as a month or a year, does not, of itself, indicate that the parties have agreed that the employment is to continue for the stated unit of time. Such specification merely indicates the rate at which the salary is earned or is to be paid, and either party is privileged to terminate the relationship at any time unless further facts exist. However, the fact that payment is to be made in accordance with a time unit is evidence, in connection with other relevant facts, indicating that the agreement is for such unit. Thus, an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated if * * * the agency is an important one and of a kind such that a temporary appointment would not be likely to be made, or if, as the principal has notice, the employee has made an important change in his general relations in

order to accept the position, such as the removal of himself and his things to a new place; or if he has given up a position of some value in order to enter the employment."

 The fact that plaintiff was employed at a yearly salary, of course, was not by itself sufficient to prove that there was a contract for a year. But there is considerable evidence in the case other than the salary period to indicate that the contract was to be for the duration of a year. The new position was a very important one for both parties. It was of a kind such that a temporary appointment would not be likely to be made since the project which defendant and plaintiff entered upon was a difficult and a lengthy one. By moving himself and his household from Memphis to Philadelphia to accept the position plaintiff made an important change in his general relations. Also, when the parties were discussing the prospective employment, they talked about plaintiff's salary during the second year, thereby indicating that both parties expected him to be employed for at least a year. Defendant said nothing to indicate that it believed otherwise. There were ample facts in the case to warrant its submission to the jury and to uphold the jury's verdict.

There are numerous Pennsylvania decisions which justify the submission of the case to the jury. See Weidman v. United Cigar Stores, 223 Pa. 160, 72 A. 377; Jones v. Pittsburgh Mercantile Co., 295 Pa. 219, 145 A. 80; Lucacher v. Kerson, 158 Pa.Super. 437, 45 A.2d 245, affirmed 355 Pa. 79, 48 A.2d 857; Smith v. Shallcross, 165 Pa.Super. 472, 69 A.2d 156.

Defendant contends that error was committed in the manner in which the jury's verdict was received. The court charged that if the verdict should be in favor of the plaintiff it would have to be in a certain amount of money,[1] but

the jury's verdict at first was only "in favor of the plaintiff" and did not state what the amount of the verdict was. When reminded by the court that it would have to determine the amount of the verdict, the jury, in the jury box, with the permission of the court, proceeded to calculate the amount of the verdict including the interest in the presence of the court and counsel for both sides. Plaintiff's counsel helped somewhat in the calculation of the interest. I am satisfied that the verdict and the amount of the verdict were arrived at by the jury acting intelligently and without persuasion or interference on the part of anyone. I am satisfied that no error was committed, but, certainly, if there was error it did not affect the substantial rights of the parties and, therefore, the error, if any, was harmless and not ground for a new trial. See Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.

Defendant's motion for a new trial is denied. Defendant's motion for judgment in its favor notwithstanding the verdict is also denied.

---

1. There was a question as to the amount of the verdict, if it would be in favor of the plaintiff, because, in reference to this problem, the jury had to decide

whether the plaintiff had acted reasonably to minimize the damages when he earned only $1,600 during the balance of the contract year.