Donald KIRK, Jr.

v.

The JERROLD CORPORATION.

Civ. A. No. 43733.

United States District Court,
E. D. Pennsylvania.

July 9, 1971.

Charles H. Dorsett, Jr., Charles H. Dorsett, Sr., Eastburn & Gray, Doylestown, Pa., for plaintiff.

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

This is an action in which plaintiff, Donald Kirk, Jr., seeks to recover shares of stock allegedly due him under an employment contract into which he entered with defendant Jerrold Corporation. Plaintiff entered into the contract on October 7, 1963. It provided, in relevant part, as follows:

"3. The term of this Agreement shall be two years and six months from the date hereof and shall continue from year to year thereafter, unless and until either party hereto shall give the other six months written notice of said party's intention to terminate at the end of the then current term.

"4. (a) As compensation for the services rendered by Employee hereunder, Employer shall pay Employee at the rate of $23,500 per annum, payable in equal bi-weekly installments.

"(b) As additional compensation for the services to be rendered by Employee hereunder, Employer shall pay to Employee 22,500 shares of the fully paid and non-assessable Common Stock of Employer. Said shares shall be paid to Employee in the following installments: ⅙ thereof at the expiration of four (4) months from the date hereof; ⅙ thereof at the expiration of ten (10) months from the date hereof; ⅙ thereof at the expiration of sixteen (16) months from the date hereof; ⅙ thereof at the expiration of twenty-two (22) months from the date hereof; ⅙ at the expiration of twenty-eight (28) months from the

date hereof; and ⅙ thereof at the expiration of thirty (30) months from the date hereof."

Plaintiff then commenced employment with Jerrold as head of the microwave design laboratory. As no notice of termination of the contract was served by either party, plaintiff continued to work beyond the first two-and-a-half year period referred to in the contract which expired on April 7, 1966. By that date plaintiff had received all of the 22,500 shares of stock as specified in paragraph 4(b) of the contract.

Plaintiff believed that by continuing his employment beyond the first two-and-a-half years of the contract he would receive additional shares of stock. However, in October 1966, having received no further payments of stock, he wrote to Mr. Beisswenger, president of Jerrold, and requested such payment. On November 7, 1966, Mr. Beisswenger replied as follows:

" * * * I regret to inform you * * * that there is apparently a serious error on your part as to the compensation payable to you. Your salary will be at the rate of $23,500 per annum as provided in paragraph 4(a) of the Employment Agreement, but there will be no further stock payments.

"Paragraph 4(b) of the Employment Agreement provides for the payment of 22,500 shares over a 30-month period and that is all. The 22,500 shares have in fact been paid to you. No provision is made for further stock payments during any extended term nor does paragraph 4(b) suggest in any way that shares are payable at some annual rate."

Plaintiff continued to work for Jerrold until April, 1967. At that time he was asked by Mr. Garrison, a vice-president of Jerrold, to sign a document releasing any rights which he might have to further stock payments. He declined to sign the document and was subsequently discharged from his employment.

Plaintiff then instituted the instant action, alleging that he was discharged without the required six months' notice and that he had not received the shares of stock due him under the contract. He sought to recover his salary for the period from May, 1967 to April, 1968 and payments of stock for the period from April, 1966 to April, 1968. The parties agreed that the issue of plaintiff's right to recover his salary would be tried by a jury and his right to specific performance of the stock payment provision would be tried by the Court exercising its equity jurisdiction. A jury returned a verdict for plaintiff of $27,000.

Plaintiff contends that he is entitled to 18,000 additional shares of Jerrold stock or the equivalent thereof.[1] He claims 9,000 shares for the year immediately following the initial two-and-a-half year term of the contract and 9,000 shares for the following year during which he would have worked had he not been discharged. It is plaintiff's position that because he was entitled to 22,500 shares of stock for two-and-a-half years' employment, an average of 9,000 shares per year, the reasonable interpretation is that this same rate of compensation was to continue beyond the two-and-a-half year term. Defendant contends that the contract provided only for a total payment of 22,500 shares of stock without any reference to annual payments and that plaintiff has consequently received the entire amount of stock to which he is entitled under the contract.

For reasons hereinafter stated, we conclude that plaintiff is not entitled to

---

1. Subsequent to plaintiff's employment with Jerrold, the corporation merged with General Instrument Corporation. Pursuant to this merger, Jerrold stockholders received seven shares of General Instrument stock for every ten shares of Jerrold stock which they owned. Consequently plaintiff claims 12,600 shares of General Instrument stock (7/10 x 18,000) or the monetary equivalent thereof.

further payments of stock and judgment will be entered for defendant.

■ Plaintiff argues that the rule of law applicable to this case is that where a person is hired for a definite term at an agreed rate and continues in the same employment after the term without any new agreement, the presumption is that the same rate is to be continued. Wallace v. Floyd, 29 Pa. 184 (1857), Ranck v. Albright, 36 Pa. 367 (1860), Smith v. Shallcross, 165 Pa.Super. 472, 69 A.2d 156 (1949). Consequently, having worked for two-and-a-half years at a rate of $23,500 and 9,000 shares of stock per year, he was entitled to this rate for his employment after said two-and-a-half years. Such a rule, however, applies only to those situations where the term of employment is in fact a fixed term and the parties have not, at the time of making the contract, provided for the contingency that the actual term of employment might extend beyond the term fixed by the contract. This is not the case before us. The term of employment in the instant contract was not fixed at two-and-a-half years, but rather was for two-and-a-half years "and from year to year thereafter". Consequently it clearly anticipated continued employment by plaintiff beyond the initial two-and-a-half year term. Notwithstanding this fact, it made no provision for payments of stock on an annual basis, nor did it provide for further payments above 22,500 shares in the event that the parties did not terminate the agreement after the initial term of two-and-a-half years. This provision is in marked contrast to the salary provision which provided for annual compensation.

■ Under the terms of this agreement, unless either party gave six months' notice of termination, plaintiff's employment with Jerrold would continue indefinitely on a year to year basis. That the contract provided for such continued employment and set plaintiff's salary at $23,500 *per year* while providing for a *total payment* of 22,500 shares of stock clearly evidences that such stock payment was all that plaintiff was entitled to regardless of his actual term of employment. Accordingly, judgment will be entered for defendant.

The foregoing shall constitute our findings of fact and conclusions of law as required by Rule 52(a).