570 A.2d 536

**Barbara BURGE, Appellee,**

v.

**WESTERN PENNSYLVANIA HIGHER EDUCATION COUNCIL, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1989.

Filed Feb. 12, 1990.

Mark A. Fontana, Pittsburgh, for appellant.

Harold Gondelman, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

In this action to recover damages for an alleged breach of an oral contract of employment, the trial court found that there had been a contract of employment for a period of one year and awarded damages because of a premature discharge. On appeal from the judgment entered on the verdict, the employer challenges the sufficiency of the evidence to sustain the findings of the trial court.

On September 12, 1983, Western Pennsylvania Higher Education Council, Inc. (the Council) hired Dr. Barbara Burge as its executive director pursuant to a one year renewable contract. The terms of the oral contract, as explained to Dr. Burge, included a starting salary of $19,-575, which was negotiable in the future, and required the Council to give ninety (90) days notice in the event of

non-renewal. At the beginning of the Council's next fiscal year on July 1, 1984, Dr. Burge's salary was increased. It was similarly increased at the beginning of each fiscal year thereafter. In May, 1986, Dr. Burge was told by the Council President, Samuel Deep, that she should begin looking seriously for another job. Because Dr. Burge knew and understood that the Council's financial condition was strained, she did investigate other employment opportunities. On July 1, 1986, however, the Council projected Dr. Burge's salary for fiscal year 1986–1987 at $21,660, which she continued to receive until her discharge. On January 15, 1987, she was notified that her employment would be terminated by the Council on February 15, 1987.

 Burge filed an action in which she sought to recover her salary for the balance of the contract year, together with payment for twenty-four (24) unused vacation days. The action was submitted to compulsory arbitration and resulted in an award in favor of Dr. Burge in the amount of $10,616.76. The Council appealed the award to the Court of Common Pleas of Allegheny County, where the claim was tried de novo before the Honorable Robert A. Doyle, sitting without a jury. On January 10, 1989, Judge Doyle found in favor of Dr. Burge and awarded damages of $6,740.76. Post-trial motions were denied, judgment was entered on the verdict, and the Council appealed. It contends that the trial court erred when it found that the anniversary date of appellee's employment contract had been modified, by implied agreement of the parties, to coincide with the Council's fiscal year. The fact that appellee's salary was annually adjusted on July 1, the Council argues, did not constitute renewal of the contract for the period of its fiscal year. Therefore, it argues further, its notice to Dr. Burge to seek other employment in May, 1986, was notice that it did not intend to renew her contract in September of that year. Following September, 1986, according to the Council's argument, appellee was an employee at will who could be terminated at any time.

It is not the function of an appellate court to pass upon the credibility of witnesses or to act as trier of the facts. With respect to the facts found, we will not substitute our judgment for that of the trial judge, who was in a better position to observe the demeanor of the witnesses and assess their credibility. *Burbage v. Boiler Engineering and Supply Co., Inc.*, 433 Pa. 319, 323, 249 A.2d 563, 566 (1969). If sufficient evidence exists in the record to support the findings of the trial court, we will not disturb its findings and will affirm. *Commonwealth of Pennsylvania, Department of Transportation v. O'Connell*, 521 Pa. 242, 248, 555 A.2d 873, 875 (1989). Where, as here, the trier of the facts determined the intention of the parties with respect to an oral contract of employment, we must defer to those findings if they are supported by the evidence. *Bethlehem Steel Corp. v. Litton Industries, Inc.*, 321 Pa.Super. 357, 365, 468 A.2d 748, 752 (1983); *Yellow Run Coal Co. v. Alma–Elly–Yv Mines*, 285 Pa.Super. 84, 90, 426 A.2d 1152, 1155 (1981).

The trial court found that "although [appellee] commenced her services during September, the parties, *in practice,* converted her 'contract year' to comport with [appellant's] fiscal year and budget year—1 July through 30 June. The practice was impliedly agreeable to and agreed to by both parties. The parties defined the contract by their performance." The trial court also found that when the Council increased Dr. Burge's annual salary on July 1, 1986, without definitive notice that it did not intend to renew, the contract of employment was renewed for an additional year until June 30, 1987.

Modification of an agreement may be shown by words or conduct, or both. See: *Betterman v. American Stores Co.*, 367 Pa. 193, 200, 80 A.2d 66, 71, *cert. denied,* 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625 (1951), citing *Knight v. Gulf Refining Company*, 311 Pa. 357, 361, 166 A. 880, 882 (1933). "The acts of parties, their conduct, and the circumstances and relations existing between them, are all elements to be given due consideration in determining both the

existence and terms of such [a modification]." P.L.E. Labor § 8, citing *Knight, supra,* and *Howard v. Siegel,* 121 Pa.Super. 519, 184 A. 272 (1936).

In the case *sub judice,* Dr. Burge commenced her employment on September 13, 1983, under a renewable one year contract. On July 1, 1984, the Council increased Dr. Burge's salary for a period coinciding with the Council's fiscal year and gave no notice of non-renewal. Each year thereafter, Dr. Burge was notified of salary increases on July 1, the first day of appellant's fiscal year. The trier of fact could reasonably infer from this practice, which was acceptable to both parties, that they had altered the employment contract to make the contract period conform with the Council's fiscal and budget year.

"[W]here a contract of employment for a definite time is made and the employee's services are continued after the expiration of the time, without objection, the inference is that the parties have assented to another contract for a term of the same length with the same salary and conditions of service." *Smith v. Shallcross, et al.,* 165 Pa.Super. 472, 475, 69 A.2d 156, 158 (1949). "If an agent is employed for a specified period of a year or less and thereafter continues in the employment, without further arrangements being made, it ordinarily is inferred that the employment continues upon the same terms and for a similar period as that for which he was first employed." *Id.,* 165 Pa.Superior Ct. at 476, 69 A.2d at 158–159. See also: P.L.E. Labor § 9. In order to terminate a contract, notice of termination "must be clear and unambiguous, and where the conduct of one having the right to terminate is ambiguous, he will be deemed not to have terminated the contract." *Maloney v. Madrid Motor Corp.,* 385 Pa. 224, 228, 122 A.2d 694, 696 (1956).

In this case the trial court found that the oral contract of employment required the Council to give ninety (90) days notice if it did not intend to renew its contract with Dr. Burge. The evidence discloses that sometime in April or May of 1986 the Council's President, Samuel Deep, verbally told Dr. Burge that due to fiscal deficiencies, she should

begin to look for a new job. Shortly thereafter, however, a salary increase for Dr. Burge was proposed in the budget for the 1986–1987 fiscal year. Dr. Burge continued to work and, as of July 1, 1986, began to receive the increased salary. In view of the ambiguous nature of the notice given to Dr. Burge in April or May, the trial court could readily infer that the contract had been renewed by the parties when, on July 1, 1986, Dr. Burge continued in the Council's employ and, indeed, received an increase in her salary. She continued in the Council's employ until February 15, 1987, when she was unequivocally terminated. This, the trial court could find, was a breach of the contract of employment, which entitled appellee to receive as damages the salary which she would have received if she had been allowed to complete the one year term of her contract.

Judgment affirmed.