Knight, Appellant, *v.* Gulf Refining Company.

Argued April 19, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* with him *I. Nathaniel Treblow,* for appellant.

*W. J. Guthrie,* with him *A. T. Steinmetz,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 22, 1933:

A. R. Knight was employed by the Gulf Refining Co. by a contract in writing, dated May 12, 1915, for a period of one year, at a salary of $5,000. He continued to work for it three years when he was informed his salary had been increased $1,000 for the ensuing year. The next year, or for 1919, his salary was increased to $7,500 a year, and on Dec. 26, 1919, his salary was again increased, beginning January 1, 1920, to $750 a month. All increases in salary were by letter, but on the last increase a contract was executed in duplicate by Knight, the material parts reading:

"......the Gulf Refining Company hereby employs A. R. Knight, his compensation to be at the rate of $750 per month, on the following terms and conditions......

"1. Notwithstanding the terms of employment and payment above mentioned, the Gulf Refining Company

reserves the right to discharge said employee at any time, with or without notice, on making payment of his wages to date of discharge, and said employee may terminate his employment at any time, without notice...... Said employee releases said employer from any and every claim and demand for wages under this contract beyond the date of such discharge or termination.

"2. The duties of said employee and the rate of wages may be changed at any time by the Gulf Refining Company, and such change shall become effective immediately upon notice thereof to the employee......"

Thereafter the Company notified him, by letters bearing dates June 24, 1920, December 15, 1922, and December 22, 1923, respectively, that his salary had been increased until it was $15,000 a year.

During November or December, 1924, Knight had a conference with the Company's Vice-President, Mr. Nutty, during which, according to Knight's testimony, Mr. Nutty said: "Your contract is renewed for next year, but there will be no increase in your salary." Thereafter friction arose, and on April 25, 1925, Knight was dismissed from service. He was paid, by check, his salary to June 1, 1925, the check stating that it was in full payment of all claims. This check was never cashed and Knight brought this action for the balance of his salary for the year 1925 at the rate of $15,000 per year, on the theory that he was hired by the year. The verdict in his favor was set aside and judgment n. o. v. for the company was entered. This appeal by Knight followed.

Appellant's theory is that the written contract dated December 26, 1919, was either varied by subsequent agreement or a new oral contract was substituted for it. Appellee contends that the contract of December 26, 1919, remained in full force, and the subsequent changes were merely increases in salary permitted under that contract.

The contract of December 26, 1919, was the agreement of the parties reduced to writing, executed in du-

plicate by the employee, one copy delivered to the employer, and represented the offer of one party and acceptance by the other over his signature. In such a situation both parties are bound thereby though the contract be signed by the employee only; it was a valid contract of employment: P. R. R. Co. v. Bost, 104 Pa. 26.

The right was given to appellee to alter the salary at will, and to discharge appellant with or without notice upon payment of his wages to date of discharge. Unless this contract was terminated or its terms varied by subsequent agreement, either express or implied from the acts of the parties, appellant has no cause of action. Parties may, by subsequent oral agreement, modify a written contract which they previously have entered into. The new contract thus agreed upon is a substitute for the original one in so far as it alters, modifies or changes it: Beatty v. Larzelere, 194 Pa. 605; Achenbach v. Stoddard, 253 Pa. 338. Such new contract may be proved by parol by showing either an express agreement or actions which necessarily involve a change: Holloway v. Frick, 149 Pa. 178; Achenbach v. Stoddard, supra. When the subsequent oral contract makes only a modification of the prior written one, the terms of the written contract not modified or changed remain effective: Malone & Son v. R. R., 157 Pa. 430. It is insisted by appellant that the various letters referred to and the oral conference in the latter part of 1924 were new and distinct agreements of employment for the years succeeding them. The burden of proving a modification or a change in a prior contract rests on the party asserting it. He contends that he has met the burden of proof, and the court below erred in holding otherwise.

It is the duty of the trial court to determine, before submitting a case to the jury, that plaintiff has presented evidence which is sufficient, if true, to justify a jury in giving its verdict to him. If it would be improper for a jury to find in favor of the plaintiff on the evidence pro-

duced, it is improper for the trial court to allow the jury to consider the case, but it is his duty to direct a verdict for defendant, or, failing this, to enter judgment n. o. v. In considering plaintiff's case, the test is not merely: "Is there evidence?" The test is: "Are there facts in evidence which, if unanswered, would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?": Wigmore on Evidence, 2d edition, section 2494.

The existence of an oral contract changing the terms of a prior written one must be clearly and positively shown. Its terms must appear definitely from the evidence. The acts of the parties, their conduct and the circumstances and relations existing between them, are all elements to be given due consideration in determining both the existence and terms of such an agreement. We do not wish to imply by this statement that greater evidence is necessary to establish such an oral contract than is required to prove any oral agreement, however. In any case, the mere suggestion or possibility of a contract arising from transactions between the parties is not enough; there must be evidence authorizing more than a conjecture or surmise. ·

In the instant case, appellant, by his own testimony, admitted that the contract of December 26, 1919, had not been terminated, and constantly reiterated that the letters and the oral conversation referred to above "renewed" his contract for another year, appellant stating that in the use of the word "renewed" he was referring to the contract for the year 1924 evidenced by the letter of December 22, 1923. Granting this to be so, it is obvious that that letter, if it were a contract, was renewing the contract for the previous year, and so on until we have the contract of July 1, 1920, renewing the contract of December 26, 1919. Thus the irresistible conclusion is that the oral contract for 1925 was the fifth renewal of the written contract of 1919.

We are of the opinion that on the evidence offered by plaintiff, if admitted, as a matter of law merely shows that the transactions subsequent to December 26, 1919, were in adjustment of the rate of appellant's salary pursuant to the terms of that contract. The lower court should have directed the verdict for appellee, and, failing to do this, it was proper for it to enter judgment n. o. v.

Judgment affirmed.