## Wagner et al. v. Brotherhood of Painters, etc.

*Morris Mindlin* and *Philip J. Gahagan*, for plaintiffs.

*Daniel M. Garrahan*, for defendants.

HENNINGER, P. J., November 6, 1950.—Plaintiffs, painting contractors, on November 1, 1949, contracted with one Charles Reninger, trading as W. H. Gangewere & Co., general contractors, to do the painting on an addition to the Phoebe Home in Allentown, Pa. In April 1950 defendants, according to the complaint, threatened a general strike on the project if Reninger permitted plaintiffs to remain on the job, whereupon Reninger on April 27, 1950, ordered plaintiffs to discontinue their work and ordered them off the job to their damage, for which suit is brought.

Defendants filed six preliminary objections as follows: (1) No good cause of action; (2) no previous suit against Reninger; (3) no damages suffered; (4) no right in Reninger to dismiss plaintiffs; (5) pleadings show only a threat to strike, and (6) no exhaustion of remedy within the union.

Objection 1 is fundamental. On the pleadings, however, defendants "wilfully and maliciously" induced Reninger not to perform his contract with plaintiffs by threatening a general strike.

There are many cases in Pennsylvania that define the rights of parties under such circumstances. The rule is stated as follows:

"One who intentionally and without reasonable justification or excuse induces one of the parties to a contract to refuse to perform according to the terms thereof, with resulting damage to the other party to the contract, may be held liable in an action to recover such damage": Caskie v. Philadelphia Rapid Transit Co., 321 Pa. 157, 159; Keifer v. Cramer, 356 Pa. 96, 99; Eddyside Company v. Seibel et al., 142 Pa. Superior Ct. 174, 181.

The A. L. I. Restatement of the Law of Torts, §766, provides:

"Except as stated in Section 698, one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby."

Section 698 of the A. L. I. Restatement of the Law of Torts relates to premarital relations or promises and is inapplicable here. Comment (*a*) under section 766 states that the clause "without a privilege to do so" relates to section 767 as to general principles and to sections 775 to 816 as they are applicable to labor disputes.

We cannot say as a matter of law that, simply because plaintiffs are painting contractors and defendants are a labor union and its officials, defendants must have been acting within their "privilege" when they induced Reninger to breach his contract with plaintiffs. (See Eddyside Company v. Seibel, supra.) Since plaintiffs have not pleaded facts which establish the existence of such a privilege, defendants, if they rely upon it as a defense, must plead such facts in their answer.

Nor is there merit in defendants' other preliminary objections. If plaintiffs suffered a loss by reason of defendants' tort, the tortfeasor cannot compel them to attempt to recover from Reninger before resorting to them. This case differs from that of Keifer v. Cramer, supra, because in that case (as in Wahl v. Strous et al., 344 Pa. 402) there had been interference with, but no breach of the contract in question, and plaintiffs had not shown that the contract would be breached. In our case, according to the complaint, there has been a breach wrongfully induced by defendants, causing loss or damage to plaintiffs.

It is the unprivileged inducement to breach that is the basis of this action and therefore a breach due to a threat to strike is as open as one caused by a strike itself.

Defendants' last objection is also without merit. So far as the pleadings show, plaintiffs are strangers to defendants' union and have no standing to seek redress within the organization itself. Even if they were members, since this action does not relate to their status as members or to an internal relationship with the union, recourse within the union is not a necessary prerequisite to bringing suit.

Further, since the promulgation of Pennsylvania Rule of Civil Procedure 2154, one or more members of an unincorporated association not only may, but must, sue the association in a court of law unless there is other ground for equitable relief.