Padden *v.* Local No. 90 United Association of Journeymen Plumbers, Appellant.

Argued March 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Alphonsus L. Casey*, with him *Myron A. Pinkus*, for appellant.

*Walter L. Hill, Jr.*, with him *O'Malley, Harris, Harris & Warren*, for appellee.

OPINION BY RHODES, P. J., July 19, 1951:

In this action of trespass plaintiff, a master plumber, claims that the defendant union, by concerted action, intentionally and wrongfully prevented him from keeping or procuring the services of qualified journeymen plumbers to plaintiff's financial loss. Defendant's motion for nonsuit was denied, and the jury rendered a verdict for plaintiff in the sum of $1,000. Defendant's motions for new trial and for judgment n.o.v. were overruled, and defendant has appealed from judgment on the verdict.

Appellant now contends that its motion for judgment n.o.v. should have been granted as appellee failed to establish a cause of action, and as the jury's findings were not supported by the evidence. We are unable to agree with appellant in either respect. The evidence established that appellee had been engaged in business in Scranton as a master plumber and contractor for twenty-seven years. Since 1947 appellee had employed one Anthony Cherundolo, a journeyman plumber and member of appellant union. In June, 1948, appellee and the union entered into a collective bargaining contract which defined the terms of employment where members of the union were hired by master plumbers. The controversy centers about a dispute between appellee and the appellant union as to the use of iron bends rather than lead bends in plumbing installations. Appellee claimed the union induced Cherundolo to quit appellee's employment for the sole purpose of forcing appellee to use lead bends. Appellee further claimed that the installation of lead bends rather than iron bends was not a proper object of concerted action by the union, since iron bends were legal under state and municipal law. Further, appellee claimed that the union, by such concerted action, was not interested in the public health and safety, or in the betterment of working conditions for its mem-

bers, but only in having employment for the longer hours necessary to install lead bends.

Appellee's evidence showed that Cherundolo quit appellee's employ on July 21, 1948, because of disputes with the union over appellee's use of apprentice plumbers, and the use of iron bends instead of lead bends. Under a temporary adjustment, Cherundolo resumed work for appellee on July 26, 1948, and continued in appellee's employ until July 30, 1948, when Cherundolo again quit. Cherundolo then told appellee he could not resume work until such time as appellee ceased to use iron bends. Thereafter appellee was unable to hire any journeyman plumber until January 18, 1949. Appellee's alleged loss of profits from prospective plumbing contracts amounted to approximately $2,495.

The trial judge submitted three questions to the jury. The first question was: "1. Did defendant Local 90 use concerted action to deprive plaintiff of services of union journeymen from August 1, 1948 to January 18, 1949?" The jury answered the question in the affirmative. The jury answered the second question in the negative: "2. Was the dispute between plaintiff and defendant about the propriety of using iron bends in place of lead bends in plumbing installations a proper object of concerted action by the defendant?" The third question read: "3. Did such concerted action by defendant cause financial loss to plaintiff?" The jury answered "Yes." There was sufficient evidence to establish that plaintiff had suffered a monetary loss of at least $1,000.

Appellant asserts there is no proof that the union engaged in concerted action which deprived appellee of the services of journeymen plumbers. A review of the record shows ample evidence to support the jury's finding on this issue. Appellee's evidence showed the union control over its members and over the employment of Cherundolo with appellee. Cherundolo's own

statements were evidence that he quit because of union pressure on the question of bends, and there was corroboration of this by appellee, as well as by admissions on the part of other officers and members of the union. Appellee testified that at a meeting of the executive committee of the union he was informed that no plumber in the union would install iron bends for him.

. The legal basis of appellee's cause of action is clear. The action is based on appellant's intentional interference, without justification, with appellee's known contractual rights or business relations with third parties. Such interference constitutes a tort for which damages may be recovered. *Eddyside Company v. Seibel*, 142 Pa. Superior Ct. 174, 180, 181, 15 A. 2d 691; *Keifer v. Cramer*, 356 Pa. 96, 99, 51 A. 2d 694; Restatement, Torts, §766. Appellant's principal contention, however, is that the object of its concerted action, that is, to force appellee to use lead bends rather than iron bends, was, as a matter of law, a proper object of concerted action, and that this Court must declare appellant not liable in the present action. Under the evidence in this case it was for the jury to determine whether the object of appellant's concerted action was privileged. Whether an object of concerted action is proper and privileged is not subject to exact definition. Are the employes demanding something which is reasonably related to employment and to the purposes of collective bargaining? See Restatement, Torts, §783, pp. 117, 118. Appellant contends that the use of iron bends created a condition dangerous to health and safety. On the other hand, it appeared that those having the duty of safeguarding the public health had declared such installations legal. Appellee's evidence, if believed, showed that the union desired lead bends solely because such installation entailed more work and higher pay to members, without any corresponding benefit or advantage to the employer or

the public. In other words, there was evidence from which the jury could find that the object of concerted action was a species of "featherbedding," and that it was not related to the health, welfare, and safety of the union members or the public. Whether the object of the union's concerted action was proper was a factual issue to be determined by the jury and not by the court. *Eddyside Company v. Seibel,* supra, 142 Pa. Superior Ct. 174, 183, 15 A. 2d 691.

Appellant also alleges error in the refusal of the trial judge to withdraw a juror and declare a mistrial because the appellee, in the course of his testimony on direct examination, made an indirect reference to the amount of damages sought in this case. Appellee was asked whether he attempted to get plumbers through the executive committee of the union, to which he replied: "A. Every time that I heard of a man laid off in another job I called Mr. McKee and requested a man, and his retort was always, 'You are getting $50,000 off us; what do you want plumbers for?'" Counsel for appellant made no motion or objection at the time, but waited until an afternoon recess to move for a mistrial. No request was made to have the trial judge instruct the jury on this point. Appellee's reference to the amount of damages claimed was indirect and at most a matter of inference; and, in view of appellant's belated motion, it cannot be considered prejudicial to appellant. The trial court's refusal to grant appellant's motion under such circumstances is not reversible error. *Saunders v. Commonwealth,* 345 Pa. 423, 425, 426, 29 A. 2d 62. The question of the withdrawal of a juror and the continuance of a case depends largely upon the atmosphere of the trial, and is a matter for the discretion of the presiding judge. *McJunkin v. Kiner,* 157 Pa. Superior Ct. 578, 581, 582, 43 A. 2d 608.

Appellant argues that Cherundolo's statements as to why he refused to work for appellee were not properly admissible as evidence against the union. Appellant relies upon the rule that statements made by an agent after the commission of a tort cannot be used to bind the principal. *Bergen v. Lit Brothers,* 354 Pa. 535, 539, 47 A. 2d 671. The rule invoked by appellant has no application here. Cherundolo was a member of the appellant union. The tort alleged was the continuing one of wrongfully depriving appellee of the services of Cherundolo and other journeymen plumbers. To establish his case, it was incumbent upon appellee to prove that the union used concerted action to deprive appellee of such services, and that the object of the concerted action was improper in that it was not privileged. Cherundolo's statements were relevant and competent on the issues raised. These declarations or admissions were not inadmissible as hearsay, but were competent evidence showing Cherundolo's motives in refusing to work for appellee. Henry, Pennsylvania Trial Evidence, §54, p. 89, §297, p. 422, 3d Ed.; 6 Wigmore, Evidence, §1729 (2), p. 91, note 2, 3d Ed.

Appellant also argues that the trial judge erred in refusing to permit a business agent of the union to testify that appellee and the union had agreed to discontinue the use of iron bends. Assuming its materiality and relevancy, the record does not show any attempt to introduce such evidence or prove such a fact. The trial judge sustained, on the ground of immateriality, an objection to a question asked the agent as to what business was transacted at a meeting of representatives of the master plumbers and appellant union. Appellant's counsel did not press the matter further, and made no offer of proof or additional attempt to show what took place at the meeting or that any such agreement was reached. Appellant's complaint based on this alleged error is entirely without foundation.

Finally, appellant questions an alleged improper remark of counsel for appellee in his closing address to the jury to the effect that a current coal strike was due to the dictatorial power of unions. The record does not show that such alleged remark was made, or that there was any objection by appellant's counsel. Appellant's failure to properly raise the point precludes consideration on this appeal. *Boggs v. Jewell Tea Co.,* 266 Pa. 428, 434, 109 A. 666; *Com. v. Durlin,* 75 Pa. Superior Ct. 260, 266; *Becker v. Stern,* 116 Pa. Superior Ct. 399, 405, 176 A. 771. Even if properly raised, alleged objectionable remarks of counsel in his address to the jury are reviewable for abuse of discretion only. *Clark v. Essex Wire Corp.,* 361 Pa. 60, 65, 63 A. 2d 35.

The judgment of the court below is affirmed.