## Dora *v.* Dora, Appellant.

434

Argued March 21, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Daniel T. Zamos,* with him *Charles P. Lewis,* for appellants.

*John A. Metz, Jr.,* with him *Mayer Sniderman* and *Metz, Cook, Hanna & Kelly,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, May 2, 1958:
Plaintiffs sued in trespass to recover damages from the defendants (both individual and corporate) for their wilful interference with a contract right of the

plaintiffs. The right was in relation to a sum of money which had been deposited in the defendant bank in escrow, to be paid to the plaintiffs upon fulfillment of certain contingencies agreed upon by the parties in settlement of the property rights of Mary Dora, one of the plaintiffs, against her husband, George Dora, one of the defendants. The remaining defendants are the four children of George Dora by a former marriage. The settlement agreement was entered into during the trial of an equity suit which Mary Dora had instituted against the present individual defendants, at which time the chancellor made the following order: "And now, to wit, May 17, 1954, this matter came on for hearing after conclusion of the testimony, the case is continued as settled. See settlement stated in Trial Record."

Under the settlement agreement, which was reduced to writing and signed by the parties, the plaintiff, Mary Dora, and her attorney, Mayer Sniderman, were to receive jointly the $5,500 in escrow upon exhibiting to and filing with the bank (1) a certified copy of a decree of divorce in favor of Mary Dora to be entered by the court of common pleas of Allegheny County with all costs of record paid, (2) a satisfaction in full of all proceedings, judgment and costs in a desertion and non-support action which Mary Dora had instituted against her husband in the County Court of Allegheny County, (3) a certificate of satisfaction, with all costs paid, in the equity suit, (4) a release executed by Mary Dora releasing her husband and his four children, absolutely, from any and all liability on claims up to the date of the release, and (5) the delivery to the bank of a written acknowledgment that certain premises occupied by Mary Dora (the title to which was in the name of one of the defendant children) had been surrendered by her by a specified time.

Without the knowledge or consent of Mary Dora or of her attorney, the four children of her husband withdrew from the bank the escrowed deposit of $5,-500 on the representation, as evidenced by the written receipt therefor signed by them, that the settlement agreement had been breached by Mary Dora through her failure to surrender to the record owner the indicated premises by the date mutually agreed upon.

The trial judge submitted the case to the jury, which returned a verdict, as molded by the court, in favor of the plaintiffs and against the defendants in the sum of $5,500, the defendant bank to pay to the plaintiffs in addition the sum of $495 as interest (i.e., damages for detention). The defendants moved for a new trial and for judgment n.o.v. The court *en banc* refused both motions and entered judgment on the verdict.

The appellants' principal contentions raise questions of law which properly are matters to be considered only on a motion for judgment n.o.v. The appellees argue, however, that the defendants failed to present a point for binding instructions prior to the court's submission of the case to the jury and were, therefore, without standing to file a motion for judgment n.o.v. after the rendition of the verdict, citing *Essex Packers Limited v. Kisecker*, 373 Pa. 351, 95 A. 2d 544. Such is, of course, the unexceptionable rule. But we are not persuaded that the defendants did not present timely a point for binding instructions which the trial court denied. The following appears in the printed record. After the court had specifically passed upon a number of points for charge submitted by the defendants, counsel for the defendants stated,—"Your Honor, I have contained also in there some requests for binding instructions and specific instructions. They are all in the same blue back. They are on the last page. *The Court*: All right. That is refused too. . . . *The Court*: I refuse the first request for binding instructions."

In any event, we find no merit in the appellants' legal contentions. The action was properly laid in trespass. Damages for intentional interference with known contractual rights may be recovered in trespass: *Keifer v. Cramer*, 356 Pa. 96, 99, 51 A. 2d 694. Nor need malice or fraud be proven in order to support the action for damages in trespass. In *Klauder v. Cregar*, 327 Pa. 1, 7, 192 A. 667, after quoting that "A violation of legal right committed knowingly is a cause of action, and it is a violation of legal right to interfere with contractual relations recognized by law if there be no sufficient justification for the interference", this court recognized that the intentional doing of the wrongful act without legal or social justification was all that was necessary and pointed out that "Maliciousness 'does not necessarily mean actual malice or ill-will, . . . '".

The alleged oral modification of the settlement agreement providing for the extension of the specified date of Mary Dora's surrender to the title owner of the real property she occupied, which issue the jury by its verdict impliedly found in the plaintiffs' favor, did not violate the parol evidence rule. In *Elliott-Lewis Corporation v. York-Shipley, Inc.*, 372 Pa. 346, 349-350, 94 A. 2d 47, we stated that "The Parol Evidence Rule which prohibits the admission of oral evidence to vary or contradict a written contract does not apply to or prohibit a subsequent modification by parol; it applies only to prior or contemporaneous statements or agreements which induced the written agreement in question. Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255. . . . it is well settled that a written agreement may be modified by a subsequent (written or) oral agreement and that this modification may be shown by writings or by words or by conduct or by all three: Betterman v. American Stores, 367 Pa. 193,

80 A. 2d 66; Knight v. Gulf Refining Company, 311 Pa. 357, 166 A. 880; Friday v. Regent Improvement Co., 330 Pa. 481, 199 A. 914. . . ."

The appellants' contentions that the settlement agreement was unenforceable in that it constituted a contract to procure a divorce and that the trial judge erred in refusing to allow the jury to pass upon whether or not such was a purpose of the agreement, are untenable.

The agreement was in writing. Whether or not it amounted to a contract to obtain a divorce was a question of law to be passed upon by the court on the basis of the terms of the written instrument. The learned court below correctly decided that question in the negative and, accordingly, instructed the jury in relation thereto as follows: "The agreement doesn't provide that either side shall get a divorce, because it wouldn't be any good if it did; that would be against public policy to make an agreement to get a divorce. It does mention a divorce. That is a limitation put upon the bank; they were not to pay out any money which was deposited with them under the escrow agreement unless a divorce decree was given to them by either party. So far as that is concerned, it does not provide that either side shall get a divorce."

The rule is as stated in 17 Am. Jur. §15, p. 266, that "The mere fact that a contract is to be performed only if a divorce decree is entered, or that it is to be inoperative if a divorce is denied or if the plaintiff fails to obtain it by a certain date, does not establish that it is contrary to public policy. It is held that where the parties have separated or contemplate an immediate separation, and it is believed that one of them has a cause of action for a divorce, they are free to enter into bona fide agreements relating to alimony, or *the adjustment of property rights,* although the duty to

pay permanent alimony and the settlement of property rights are the subject of a final decree and are usually to be performed after the decree is entered." (Emphasis supplied.)

The remaining questions of law which the appellants raise do not merit extended discussion.

The motion for a new trial was properly denied. No serious trial error is assigned. The case was fairly tried and was submitted to the jury in a charge that was both complete and impartial. The appellants have no just cause for complaint on that score.

The verdict as molded by the trial judge comported with the jury's expressed intent except, perhaps, for the precatory words appearing at the conclusion of the note from the jury to the court which indicated that the plaintiffs were to receive the sums awarded them by the jury "As long as Mary Dora comply with the escrow agreement in full but should not pay for any property damage." The conditions thus embraced cannot, of course, be attached to the verdict without making the judgment thereon less than complete and executionable. At this stage, the condition can best be complied with in a practical manner. Counsel will, of course, be cognizant whether any of the obligations assumed by the plaintiffs in the escrow agreement remain unfulfilled and, if there are, will move promptly to fulfill them to the satisfaction of the trial judge. It is to be noted in this connection, however, that the requirements of the escrow agreement with respect to the exhibition by the plaintiffs of a certified copy of a divorce decree in favor of Mary Dora and her timely surrender of the specified property, which she once occupied, have both been met substantially. Consequently, nothing further is left for the plaintiffs to do in such regard.

Judgment affirmed.

440

(1.) Plaintiff admittedly did not surrender the premises in question on April 1, 1954, and deliver a written acknowledgment to that effect, as specifically required by the written escrow agreement dated November, 1953. Plaintiff did not surrender the premises until after eviction proceedings had been commenced and then only on May 28, 1954.

The Bank was not a party to and had no knowledge of the alleged oral modification of the written escrow agreement which plaintiff alleges extended the time of surrender of the premises, and therefore could not be liable thereunder. Certainly the Bank could not be liable in trespass under the principle of the *Keifer* and *Klauder* cases infra: " 'One who, having knowledge of an existing valid contract between others, intentionally, *knowingly,* and *without reasonable justification or excuse,** induces* one of the parties to the contract to breach it to the damage of the other party, is liable in an action to recover the damages suffered. . . .' "

(2) Even if there had been an oral modification of the "surrender" provision of the written agreement, as plaintiff alleges, plaintiff completely failed to perform several other obligations in accordance with the terms of said written agreement. These obligations were conditions precedent to any recovery by her of any kind whatsoever—indeed, she admittedly has never yet performed all her obligations. These conditions precedent which she failed to perform are as follows:

(a) Plaintiff did not give, and never has given, the releases which she covenanted under the agreement to execute and deliver.

(b) Plaintiff failed to comply with and has not yet complied with the agreement's condition requiring

---

* Italics throughout, ours.

a "satisfaction in full of all proceedings, judgments, and costs at No. 16 of 1947, in the Desertion and Non Support Branch of the County Court of Allegheny County, Pennsylvania, and a certificate of satisfaction, all costs paid, at No. 3089 January Term, 1952, in the Court of Common Pleas of Allegheny County, Pennsylvania."

Since no time was specified in the written agreement for the performance of any of the plaintiff's conditions precedent except the surrender of the premises, the written escrow agreement of the parties must be construed to require a performance within a reasonable time. Nevertheless, we repeat, the plaintiff has *never* performed the conditions precedent hereinabove recited.

(3) Under the facts in this case, trespass will not lie against any of the defendants. *Keifer v. Cramer*, 356 Pa. 96, 51 A. 2d 694 and *Klauder v. Cregar*, 327 Pa. 1, 192 A. 667, relied upon by the majority, are clearly inapplicable to the instant case.

For each of these reasons I dissent.