## Bloom *v.* Devonian Gas & Oil Company, Appellant.

310

Argued October 2, 1959. Before Jones, C. J., Bell, Jones, Cohen, Bok and McBride, JJ.

*Louis Vaira,* with him *William F. Beatty,* for appellant.

*Alan D. Riester,* with him *James A. Gleason,* and *Brandt, Riester, Brandt & Malone,* and *Gleason, Cherry & Cherry,* for appellee.

Opinion by Mr. Justice Cohen, November 9, 1959:

This is an appeal from the judgment on the pleadings entered by the Court of Common Pleas of Allegheny County.

The appellee, Raymond E. Bloom, brought a suit in assumpsit against Devonian Gas & Oil Company, the appellant. The complaint alleged that appellant owed royalties to the appellee from a gas well which Devonian had drilled. The appellant filed an answer containing new matter. The answer admitted that the well was successfully completed and that royalties were due the appellee. Under new matter, appellant alleged that it had had a thirty day gas and oil lease for a different property and that Bloom "conspired, induced and influenced the Lessors to top-lease or grant another lease" for the property to another company after expiration of the thirty days. Appellant further alleged that appellee and the other lessors of this latter property had appeared at appellant's hearing for a

well drilling permit before the Commonwealth of Pennsylvania, Bureau of Mines and Industries, and objected, causing the department to deny the permit.

After the answer and new matter were filed, appellee filed a reply in which he denied that he had conspired, induced and influenced the lessors of the other property to top-lease or grant another lease to The Conroy Company for the purpose of preventing Devonian from drilling on said land. After the pleadings were closed, appellee filed a motion for judgment on the pleadings contending that the new matter as pleaded did not comply with the Rules of Civil Procedure. The Court entered judgment in favor of the appellee against the appellant in the sum of $39,666.61. Appellant appealed from this judgment.

Under the Pennsylvania Rules of Civil Procedure, Rule 1031, a "defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or a series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual."

The instant case does not fall within this rule. Appellant nowhere alleges a breach of contract. Instead he states that the appellee "conspired, induced and influenced . . . to top-lease or grant another lease . . . for the purpose of preventing the defendant herein from drilling said land." He further alleges that the granting of the other lease was "for the deliberate and fraudulent purpose of preventing the defendant from drilling the said land, and, by reasons of his actions" damages accrued to the appellant. This is a claim based on tort—tortious interference with contract. *Keifer v. Cramer,* 356 Pa. 96, 51 A. 2d 694

(1947) and Restatement, Torts §766. While the occurrence may arise out of a contractual relationship, the damage done was by tortious conduct and such conduct cannot be the basis of a counterclaim in a suit for assumpsit under the Rules of Civil Procedure.

For the above reasons the judgment of the court below is affirmed.