The PENNSYLVANIA TIDEWATER DOCK COMPANY

v.

NATIONAL MARITIME UNION OF AMERICA, Seafarers International Union of North America, International Longshoremen's Association, Local 1291, International Longshoremen's Association, International Maritime Workers' Union, Richard Askew, Louis Parise, Steve Cardullo, Shannon J. Wall.

Civ. A. No. 29762.

United States District Court E. D. Pennsylvania.

June 29, 1962.

Robert M. Landis and Richard N. Clattenburg, Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, (for motion), Abraham E. Freedman, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

The Complaint in this case is divided into two causes of action. The first cause of action is one brought against the defendant unions under § 303 of the Labor Management Relations Act (29

U.S.C.A. § 187) for alleged violation of § 8(b) (4) of the Act (29 U.S.C.A. § 158(b) (4)).[1] The second cause of action is directed only against the individual defendants, is based on alleged violation of the common law of Pennsylvania, and is before this court under the provisions of 28 U.S.C.A. § 1332. Diversity of citizenship is alleged, as is the requisite jurisdictional amount. A Motion To Dismiss The Second Cause of Action has been filed by the Seafarers International Union of North America (hereinafter called "SIU") and Steve Cardullo, one of the individual defendants. This Motion is presently before the court.

The individual defendants are identified in the Complaint as officers [2] and responsible representatives of four of the unions which are sued under the first cause of action.[3] The Complaint alleges that plaintiff has a valid contract with Local 1291, International Longshoremen's Association, and that the individuals, individually and in collusion with each other caused plaintiff's employees (members of Local 1291) not to perform said contract to work for plaintiff in the unloading of ore vessels at Pier 122 or to enter into or continue their employment relations with Tidewater for the purpose of unloading such vessels. It also alleges that they caused and procured the placing of pickets at the entrance to Pier 122 for the aforementioned purposes. The individual defendants are also charged with inducing others not to enter into business relations with Tidewater. Tidewater alleges that, because of the unlawful and improper acts of the individual defendants stated above, it was deprived of payment of its regular charges for the performance of services and has suffered damages in the amount of $40,000.00. Judgment is demanded against each of the individual defendants, jointly and severally, in the amount of $40,000.00 with interest, costs and counsel fees.

The allegations contained in the second cause of action, if proved, constitute a tort under the applicable state law.[4] However, it is the contention of the defendants making this Motion that this court has no jurisdiction to entertain this cause of action because the activities complained of are subject to the exclusive jurisdiction of the National Labor Relations Board.

In San Diego Bldg. Trades Council, Millmens' Union, Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Supreme Court held that a state court may not award damages against a union for activities which were at least arguably subject to § 7 or 8 of the National Labor Relations Act and that exclusive primary jurisdiction in the case rested with the National Labor Relations Board.[5] This case was used as

1. Under the first cause of action, it is alleged that the plaintiff was prevented from unloading ships berthed at the pier which was being picketed and from unloading other ships, which were diverted because of the actions of the union defendants, and that it was deprived of payment of regular charges for performance of such services. $40,000.00 in damages are claimed.

2. Wall is called the "Executive Director" of International Maritime Workers.

3. No officer of the International Longshoremen's Association was sued under the second cause of action. Defendant Cardullo, one of the defendants making the instant Motion, is described as an officer and responsible representative of SIU, the other defendant who made the

Motion To Dismiss now under consideration.

4. See Keifer v. Cramer, 356 Pa. 96, 99, 51 A.2d 694 (1947); Dora v. Dora, 392 Pa. 433, 437, 141 A.2d 587 (1958); Padden v. Local No. 90 United Ass'n of Plumbers, 168 Pa.Super. 611, 615, 82 A.2d 327 (1951).

5. The doctrine of preemption in labor disputes was set forth at great length in the Garmon decision. It is to that case and not to such cases as International Union, United Automobile, etc., Workers v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed. 2d 1030 (1958) (which involved violence and imminent threats to the public order, facts not alleged in this Complaint), to which attention should be directed. The Supreme Court stated in Garmon, supra,

authority by the Pennsylvania Supreme Court in refusing to entertain an injunction action based on the same controversy as is involved here.[6]

The activities set forth in the second cause of action are arguably subject to § 8 of the Labor Management Relations Act if the activities were performed by a union or its agents.[7] Therefore, in spite of the fact that there is diversity between plaintiff and the individual defendants and that the same activities might also form a basis for a tort action under Pennsylvania law, the rationale of the Garmon case makes it necessary to decide that there is no jurisdiction in this court to entertain this second cause of action if brought against defendants as agents of SIU.

Plaintiff's argument that the individual defendants are charged with the commission of a tort in their individual or private capacity and that their status as union members is immaterial has not been overlooked. However, in view of the allegation in paragraph 20 of the Complaint that Cardullo is an "officer and the responsible representative of Defendant, SIU," this argument, as a basis for jurisdiction over the subject matter, must be rejected in view of Atkinson v. Sinclair Refining Co., 82 S.Ct. 1318. Count II will be dismissed as to Cardullo, without prejudice to the right of plaintiff to file an amendment to the Complaint, making a claim against him as an individual only and not as a representative of a labor organization if the facts permit such amendment.

at pp. 244–245 of 359 U.S., at page 779 of 79 S.Ct.:
"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.
* * *
"At times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. What is outside the scope of this Court's authority cannot remain within a State's power and state jurisdiction too must yield to the exclusive primary competence of the Board."
See, also Marine Engineers Beneficial Ass'n v. Interlake SS. Co., 82 S.Ct. 1237.

6. See Navios Corp. v. Nat. M. U. of A., 402 Pa. 325, 166 A.2d 625 (1960), cert. den. 366 U.S. 905, 81 S.Ct. 1047, 6 L.Ed.2d 204 (1961). In that case, injunction actions were brought against unions and officers thereof to prevent picketing or otherwise interfering with the unloading and servicing at the Port of Philadelphia of a ship flying a foreign flag, and to prevent defendants from inducing others to refuse to service such vessels. Damages were also requested. The Complaint alleged

that the purpose of the defendants' actions was to procure breach of contract between one of the plaintiffs and a non-defendant union and to require the employees to join IMWU. The court held that the case involved a domestic labor dispute which affects commerce between a foreign company and a state and that, therefore, the activity is arguably subject to § 7 or 8 of the NLRA and the dispute within the exclusive jurisdiction of the NLRB. See, also, Baker v. Shopmen's Local U. No. 775, 403 Pa. 31, 168 A.2d 340 (1961), and Wax v. Int. Mailers Union, 400 Pa. 173, 161 A.2d 603 (1960), in which the Pennsylvania Supreme Court also held that there was no jurisdiction in the state courts for activities arguably within § 7 or 8 of the National Labor Relations Act. In Baker, the court stated at p. 37 that, in such cases, the jurisdiction in state courts is ousted unless and until there is a subsequent determination by the NLRB that such action is not within the protection of its domain and that this is true even though non-violent tortious conduct, redressable under state law, could possibly be involved, such as a tort involving interference with employment.

7. Section 8 of the Act (28 U.S.C.A. § 158) only refers to "unions or their agents." The same acts which form the basis of the second cause of action are set forth in the first cause of action against the union defendants and alleged to be violations of § 8(b) (4).