## San Wym, Inc. v. Bianchini

*Hubert D. Yollin,* for plaintiff.

*Vincent A. Cirillo,* for defendants.

FORREST, P. J., February 14, 1963.—A business broker brought this action sounding in assumpsit for commissions on the sale of a business, and sounding in trespass for intentional interference with the agency agreement. Defendants, Bianchinis, are the sellers, and defendants, Wicks, are the buyers; defendant-corporation, owned by the buyers, was created for the purpose of taking the title to the business. The buyers and their corporation have filed a preliminary objection in the nature of a demurrer.

The allegations of the complaint, taken as admitted for purposes of deciding upon the preliminary objection, are summarized as follows: On May 10, 1961,

Charles J. Bianchini and Tina M. Bianchini, owners of a restaurant at Jenkintown Road and Edge Hill Road, Ardsley, Pa., with restaurant liquor license, entered into a written exclusive agency agreement with San Wym, Inc., for the sale of the business for $50,000, or of the business with real estate for $90,000, for a commission of $10,000, or for any reduced price to which the owners would consent, the agency to be terminable upon 30 days' written notice, but not before three months after the date of the agreement.

On June 7, 1961, the Bianchinis entered into a written agreement with James O. Wicks and Helen E. Wicks, whereby Bianchinis agreed to sell to Wicks the business with liquor license for $47,000. The agreement is contingent upon the "execution, by both parties, of a satisfactory agreement of sale for the real estate" and "upon the purchasers procuring a loan of $45,000." It provides that: "5. The buyers shall form a corporation to purchase said business and said corporation shall have all the rights and privileges accruing under this agreement by assignment of said agreement."

Finally, the agreement provides: "22. It is understood and agreed between the buyers and sellers that the sellers shall pay to San Wym, Inc., a commission of $5,500 at the time of settlement."

Defendant, Village Cocktail Lounge, Inc., was formed for the purpose of fulfilling the fifth paragraph of the agreement of sale and has been owned entirely by the Wicks since its incorporation.

After the agreement of June 7, 1961, was entered into, according to the complaint, the sellers and buyers agreed not to inform plaintiff of the time of settlement and they agreed to create a technical breach of contract so as to make it appear that the contract of June 7, 1961, was void, all with intent to deprive plaintiff of

his commission. Sellers and buyers "have completed settlement", or "have started to make settlement and will complete the same in the near future."

Plaintiff obviously was not a contracting party to the written agreement of sale. Therefore, its contractual rights thereunder must be as a third party beneficiary, or not at all. However, paragraph 22 of the agreement specifically provides that it is the *sellers'* obligation to pay the broker's commission. No rule or decision has been advanced to sustain the contention that *sellers* includes not only sellers but buyers.

This action has been brought against the buyers and their corporation on the well-established principle of law that . . . "if one, with knowledge of an existing contract between others, intentionally, and without reasonable justification or excuse, induces one of the parties to breach the contract, he becomes liable to the other for the resulting damage": Wahl v. Strous, 344 Pa. 402, 403 (1942). However, "Damages for intentional interference with known contractual rights may be recovered in trespass": Dora v. Dora, 392 Pa. 433, 437 (1958), not in assumpsit. The joinder of a cause of action in assumpsit with one in trespass was objectionable: Pa. R. C. P. 1017(b) (5). However, defendants did not raise that preliminary objection and Pa. R. C. P. 1032 provides that with certain exceptions, which are inapplicable here, "A party waives all defenses and objections which he does not present . . . by preliminary objection. . . ."

The complaint fails to set forth that the corporation, or its officers, employes or agents, committed any tort upon plaintiff. The fact, as alleged, that the Wicks own the corporation is insufficient of itself to stain the corporation with each and every tort committed by the Wicks, unless it was done within the scope of employment of an officer, employe or agent of the corporation.

Hence, the demurrer of the corporation should be sustained.

And now, February 14, 1963, the preliminary objection as to James O. Wicks and Helen E. Wicks is overruled; the preliminary objection as to Village Cocktail Lounge, Inc., is sustained. Plaintiff is allowed 20 days from this date within which to file an amended complaint stating a cause of action against Village Cocktail Lounge, Inc.