## Fraim v. American Sanitary Sales and Services, Inc.

*Peter A. Dunn,* for plaintiff.

*Harry J. J. Bellwoar, 3rd,* for defendant.

DEFURIA, J., June 17, 1970.—By preliminary objections, defendant demurs to plaintiff's amended complaint in trespass.

Plaintiff advances a novel claim.

Plaintiff was the general contractor of a school construction project for a school authority, with a time limit for completion. Defendant was the heating and ventilating subcontractor for the authority.

While we speak of general and subcontractor, more accurately plaintiff contracted with the authority for the general construction. A separate contract was awarded by the authority to defendant for heating and ventilating work and equipment.

There were other "subcontractors" for other phases of the work. Separate contracts for various phases of a construction project are required by law. Such public construction contracts are well known.

The novelty of plaintiff's claim arises from his

claim in trespass against defendant for deliberately, intentionally and maliciously failing to timely complete *defendant's* contract with the authority, thereby causing damage to plaintiff.

Plaintiff's original complaint *in assumpsit* was before this court, at which time plaintiff alleged the violation by defendant of plaintiff's third-party beneficiary rights. This court, on March 20, 1970, sustained defendant's preliminary objections on the ground of lack of specificity, with leave to plaintiff to amend.

Unless specific terms of a contract create a third-party beneficiary relationship, under public construction contracts, the requirement that subcontractors cooperate with other subcontractors (and the general contractor) does not make the general contractor a third-party beneficiary entitled to delay damages upon subcontractor's default: Van Cor, Inc. v. American Casualty Company of Reading, 417 Pa. 408, 208 A. 2d 267 (1965).

Plaintiff was obviously unable to amend by showing any express terms of the contract between defendant and the authority giving rise to plaintiff's claim as a third-party beneficiary.

Plaintiff, consequently, adopted a new tack: he amended in trespass, without consent of defendant or order of court. Since defendant has not objected to the new "sound," and since plaintiff could have instituted a new suit in trespass, we will consider the sufficiency of the amended complaint in trespass.

*Does the amended claim in trespass set forth a cause of action?*

We must distinguish between a "cause of action" which arises by operation of law, and the "pleading" of such a cause. In both complaints, plaintiff founds his claim upon a written document. Yet, he has never attached the written contract or contracts, even by

reference, nor has he set forth the specific and relevant terms thereof upon which he relies. If he has a valid claim, these deficiencies may be merely pleading errors.

Plaintiff's basic claim is set forth in four paragraphs of the amended complaint, the essence of which are:

*Paragraph 6:* That defendant had a duty to the authority to perform its contract (defendant's contract with the authority) by a certain date, which was prior to plaintiff's own completion date with the authority. (In this paragraph, plaintiff merely recites a duty which defendant owed to the authority, not to plaintiff.)

*Paragraph 8:* That under defendant's contract with the authority, "Defendant was responsible for all heating and ventilation construction without which the general contractor could not proceed under his contract with the Authority." (Again, all plaintiff has averred is a duty of defendant to the authority. By reason of the necessary sequence of construction, plaintiff could not complete his work until defendant's work was finished. Nothing has been added to plaintiff's complaint by this averment.)

*Paragraph 9:* That defendant had a duty *to plaintiff* to perform under the terms of its contract (defendant's contract with the authority), and defendant knew that any *negligent or intentional* failure to perform would result in damage to plaintiff.

(Where is the duty to plaintiff revealed in defendant's contract? Such a contractual duty has not been shown to exist.

Note that, here, plaintiff's claim is based upon negligence, or by intentional failure to act, arising from a contract. But the contract terms are not set forth. Thus, the amended complaint still fails to plead a cause of action.)

*Paragraph 10:* That under defendant's contract

with the authority, and the relationship of the parties, there is a duty to'plaintiff in meeting time requirements. (Again, plaintiff has failed to attach or cite the contract provisions, which obviously do not exist.) Plaintiff admitted at argument hereon that such provisions do not exist. However, plaintiff now raises a supposed duty arising from *the relationship of the parties*.

Does a duty of care devolve upon one to perform his independent construction contract so as not to delay another in the performance of a separate contract of the same project?

No law, decision or language has been cited to uphold this contention, which would have innumerable consequences. Under this theory, the negligent failure of a supplier (lumber, steel, stone) to furnish material to a contractor would make the supplier liable for the contractor's delay in completion.

The effect of an intentional failure is discussed infra.

*Paragraph 11:* Defendant intentionally, willfully and maliciously refused to perform its duties *to the plaintiff and to the authority,* so as to willfully inflict damage upon plaintiff.

(As we have seen, no duty to plaintiff has been shown under defendant's contract with the authority. Joining an existing duty (to the authority) with a nonexisting duty (to plaintiff) does not improve plaintiff's claim.)

*The gravamen of plaintiff's complaint, therefore, is that defendant intentionally delayed completion of its (own) contract with the authority, in order to damage plaintiff in his separate contract with the authority.*

Does such a claim set forth a cause of action?

Free enterprise and competition have produced socially undesirable conduct by those who intentionally

interfere in the contractual relations of others, causing damage thereby. The courts have moved to protect certain contractual relationships from unwarranted interference.

But the courts have acted only where intentional interference in those contractual relations has been shown.

In Keifer v. Cramer, 356 Pa. 96, 51 A. 2d 694 (1947), the claim was that defendant maliciously interfered in a contract between the plaintiff and a third party, and that defendant had induced the third party not to pay plaintiff. It was held that a cause of action had been pleaded, but the verdict for plaintiff was reversed for failure to show any damages caused thereby.

In Bloom v. Devonian Gas & Oil Company, 397 Pa. 309, 155 A. 2d 195 (1959), the counterclaim set forth interference by plaintiff, who allegedly obtained a second strip mining lease from the owner, who had already leased to defendant.

See also Dora v. Dora, 392 Pa. 433, 141 A. 2d 587 (1958), which states the general rule: "Intentional interference with known contractual rights or relations of plaintiff and a third party, without justification, constitutes a tort and states a good cause of action," citing Padden v. Local No. 90 United Association of Journeymen Plumbers, 168 Pa. Superior Ct. 611, 82 A. 2d 327 (1951), where the union induced plumbers not to work for plaintiff.

It is obvious that plaintiff has not shown any interference by defendant in the contract between plaintiff and the authority.

Our research discloses no Pennsylvania cases dealing with *nondirect* interference by defendant in the contract of plaintiff and a third party.

Plaintiff turns for help to the Restatement, Torts and cites section 766, without any specific citation from the many pages in that section.

The Restatement's rule is: Whoever, without justification, induces or purposely causes another person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another shall be liable.

Instead of using the term "intentionally," the Restatement uses, "induces, or purposely causes," clearly synonymous terms. *However, neither category of liability fits the present case.* Defendant did not purposely induce or cause plaintiff to default on his contract with the authority. Plaintiff intended and tried to perform and was not induced by defendant.

All examples and illustrations under section 766 of the Restatement deal with intentional acts of defendant, directly affecting the contract of plaintiff and a third party.

Here, plaintiff has failed to show any duty on defendant arising from plaintiff's contract, and cannot show any duty to him as a third-party beneficiary under defendant's contract.

In this dilemma, plaintiff proposes a third-party duty on defendant arising mysteriously from the relationship of the parties.

By pleading an intentional, willful and malicious failure by defendant to perform its own contract, plaintiff does not create a right in himself nor the violation of a duty by defendant.

Unless plaintiff can aver an intentional act by defendant *interfering in plaintiff's contract,* he fails to state a valid claim. Mere failure to act, even if intentional, creates no liability where there is no duty to act: 45 Am. Jur. 2d, Interference, §38.

Qua plaintiff, defendant was under no duty to act. His duty of performance was to the authority.

In Ross v. Wright, 286 Mass. 269, 190 N. E. 514, 98 A.L.R. 468 (1934), the court sustained a demurrer

where defendant's duty to transfer shares of a trust extended to the trust only, and not to plaintiff.

The case of Alabama Power Co. v. Thompson, 278 Ala. 367, 178 So. 2d 525 (1965), deals directly with the issue before us, although the factual situation differs.

The power company, defendant, was the owner of the premises upon which certain construction work was being done. Plaintiff was a subcontractor of the general contractor.

Plaintiff sued the power company for damages caused by the alleged failure (deliberate) of defendant to provide working space for performance of plaintiff's subcontract with prime contractor. Plaintiff alleged that an agent of defendant had promised to provide working space. No averment of consideration for such promise was made, but knowledge by defendant of the subcontract and the relation of the prime contractor to plaintiff were pleaded.

Plaintiff further alleged that as a result of the promise, he was induced to enter into the subcontract.

The court held that the complaint failed to state a cause of action in trespass.

The Alabama Supreme Court went to the crux of the matter. In order for wrongful interference in contract relations of others to be actionable, there must be an affirmative, or threatened, act of interference by defendant. The pleader must allege facts that constitute a trespass.

While plaintiff contended that a wrongful and willful failure by defendant was a trespass, he did not allege any contractual relation between himself and defendant, nor did plaintiff aver any factual situation between himself and defendant out of which trespass may spring or evolve.

Where a direct or intentional trespass is averred,

the injury to the plaintiff must be the immediate result of force originally applied by defendant. Trespass, in such cases, cannot be based on mere nonfeasance or omission to perform a duty. There must be some affirmative act, a misfeasance, rather than a nonfeasance: 52 Am. Jur. 839, §6.

The Alabama court further found that no action in trespass on the case had been pleaded.

As we have remarked, supra, no cause of action arises from nonintentional and nondirect interference in contractual relations of others.*

In a case arising from our county involving a claim of intentional interference in contractual relations, the Supreme Court held that defendant was not liable where the proof established only that he had breached a contract with plaintiff, and that, as an incidental consequence thereof, plaintiff's business relationships with third parties were affected.

The court cited Restatement, Torts, §766, and the Pennsylvania annotations thereunder, and noted: "Every case in Pennsylvania granting recovery for this tort has involved a defendant's interference with known contracts or business relations existing between third parties and a plaintiff": Glazer v. Chandler, 414 Pa. 304, 200 A. 2d 416 (1964).

While the policy of the law clearly is tending toward increased protection of contractual rights, we must await legislative or appellate extension to cover nondirect and nonintentional interference.

Wherefore, we enter the following

### ORDER

And now, June 17, 1970, defendant's preliminary objections in the nature of a demurrer are sustained, and plaintiff's amended complaint is dismissed.

---

* An act (overt conduct) may be negligent, as may an omission to act. But failure to act is not negligence unless there is a duty to act. See Restatement 2d, Torts, §284.