## Duggan-Rider Company, Inc. v. Levick

*Norman H. Stark,* for plaintiff.
*Donald E. Wright, Jr.,* for defendant.

NYGAARD, *J.,* March 8, 1983—In September of 1979, Duggan-Rider Company, Inc. instituted an action before this court at No. 3187-A 1979 (Duggan-Rider I) for damages sustained when its landlord, I. Erwin Levick, failed to abide by various terms and conditions of a lease executed by the parties on December 20, 1967. As plaintiff in that action, Duggan-Rider made a claim for, inter alia, utility expenses paid by it which were allegedly the responsibility of Levick as landlord under the express terms of their lease agreement. On January 23, 1982, the jury returned a verdict for plaintiff in the amount of $22,766. In February of 1982, Duggan-Rider filed this action for declaratory relief, seeking a declaration of court stating that its landlord, defendant, I. Erwin Levick, is responsible for the payment of utility expenses incurred *subsequent* to the jury verdict in Duggan-Rider I. Defendant in this action, I. Erwin Levick, has filed preliminary objections in the nature of a demurrer to plaintiff's complaint in these proceedings, contending that the matter is barred from litigation under the doctrines of res judicata and collateral estoppel. The court dismisses the preliminary objections for the following reasons.

The verdict for plaintiff in Duggan-Rider I in the amount of $22,766 is by its nature classified as a *general verdict,* meaning all the several issues which were presented to the jury for deliberation were determined in its favor. Commonwealth v. Moore, 99 Pa. 5710 (1882); Rizzo v. Rohrback, 8

D.&C.3d 122, 135 (1978). In that proceeding, the jury was expressly instructed by the trial court to consider the utilities issue in reaching their ultimate conclusion. By reaching a general verdict in favor of plaintiff, the jury impliedly resolved the utility liability dispute in favor of Duggan-Rider, based on the December 20 lease agreement. Dora v. Dora, 392 Pa. 433, 141 A.2d 587 (1958). Since the *oral* verdict announced by a jury in court in any civil action is the only acceptable rendition of their decision, the written memorandum used by the Duggan-Rider I jury for the purpose of assisting them in their deliberations is of no significance to the conclusion finally reached and will not be recognized by the court as disposition of this issue. Rottmund v. Pennsylvania Railroad Company, 225 Pa. 410, 74 A. 341 (1909); Ellerbrock v. Enameled Metals Company, 63 PLJ 487, (Allegheny 1915).

Even though the court made reference to this memorandum in its en banc opinion in Duggan-Rider I in regard to the award of attorney fees, the jury in that matter was expressly directed *not* to consider attorney fees in their deliberations. Duggan-Rider Company, Inc. v. I. Erwin Levick, No. 3187-A 1979 at p. 3. Therefore, the court's dicta regarding the jury's breakdown of damages in regard to these fees had no effect on the outcome of that case, and should be disregarded as surplusage.

Presently, Duggan-Rider seeks a judgment declaring that under the terms of the lease, Levick is responsible for his share of utility payments which have accrued *since* the date of the court's order in Duggan-Rider I. It is plaintiff's contention that the general jury verdict in this earlier controversy established Levick's duty to make these payments, and it now desires to have its right to recover the subsequent payments enforced. In no way is this an at-

tempt by plaintiff to relitigate the issue decided in Duggan-Rider I, nor can it be seen as an attempt to recover monies already paid by Levick and received by Duggan-Rider by virtue of the earlier general verdict. Since the general verdict in Duggan-Rider I did *not* relieve defendant of his obligation to make these controverted utility payments, the cause of action seeking to recover utility payments which have come due since that verdict, is not determined by the principles of res judicata and collateral estoppel. (See Callery v. Municipal Authority of Blythe Township, 432 Pa. 307, 243 A.2d 385 (1968).

For these reasons, defendant's preliminary objections to plaintiff's complaint for declaratory judgment are dismissed.

## ORDER

And now, this March 8, 1983, defendant's preliminary objections to plaintiff's complaint for declaratory judgment are dismissed.