## Levey v. Cogen Sklar LLP

544

*Heather E. Rennie* and *Neil G. Epstein,* for plaintiff.

*David C. Franceski Jr.* and *Michael D. O'Mara,* for defendant.

COHEN, *J.,* June 20, 2003—Before the court is the motion for partial summary judgment of Marvin A. Levey. For the reasons fully set forth below, said motion is *granted in part.*

## I. BACKGROUND

The parties to the instant litigation include plaintiff, Marvin A. Levey, a retired partner of the accounting firm, Cogen Sklar LLP. Levey worked for Cogen Sklar since 1981, and for its predecessor for approximately 20 years prior thereto. When Levey's former firm first merged with Cogen Sklar in 1981, a partnership agreement was drafted and signed by all members of the partnership. (Pl. mem. exhibit B.) This document, executed December 31, 1981, fully sets forth the rights and obligations of the partnership, including each partner's profit percentages (¶5.A & B), and also provides for: (1) mandatory retirement upon age 65 (¶15.A); (2) mandatory benefits at the time of retirement or withdrawal under set formulas (¶¶15.B & 16.B); and (3) the redistribution of each retiring or withdrawing partner's profit percentages to the remaining partners. (¶15.G.)

Over the years, Cogen Sklar from time to time would admit new partners. Upon joining the partnership, the new partners would sign an agreement consenting to be bound by the terms of the partnership agreement. In 1996, the partners of Cogen Sklar, including Levey, began discussions about revising and updating the partnership agreement, including, inter alia, its retirement provisions. (Pl. mem. exhibit A. at ¶8.) In March 1998, a consultant

was hired to review the partnership structure, including the issue of retirement payments. Following the review, Cogen Sklar adopted a number of financial changes to the partnership, but did not change the retirement provisions. (*Id.* at ¶12; def. mem. at 4.)

At a partnership meeting on September 25, 2000 (one month before Levey's 65th birthday), the partners discussed suspending the retirement and withdrawal provisions[1] of the partnership agreement pending the completion of a new partnership agreement. (Def. mem. at 7.) At the meeting, Levey voiced his opposition to such a plan. *Id.* Thereafter, on September 27, 2000, Levey submitted a letter noticing his intent to withdraw from the partnership prior to any alteration of the partnership agreement. (Pl. mem. exhibit K.) In his letter, he also stated "[i]f no such alternation, amendment or change occurs prior to March 31, 2001, my withdrawal will be effective at the end of the partnership's fiscal year, March 31, 2001 or same may be deemed my mandatory retirement at such time." *Id.* On September 29, 2000, the remaining members of the partnership signed an agreement to formally suspend all provisions of the partnership agreement pertaining to retirement and withdrawal benefits (the consent). (Pl. mem. exhibit L.)

## II. THE LITIGATION

This litigation surrounds the payment of retirement benefits to Levey, which he claims became due on April

---

1. Pursuant to the partnership agreement, a partner is permitted to withdraw from the partnership prior to mandatory retirement age. (Pl. mem. exhibit B, §16.) If a partner withdraws before retirement age, his benefits are reduced, inter alia, in an amount related to that partner's age. *Id.*

30, 2001. It is not disputed that Levey is entitled to retirement benefits, rather it is the amount of such benefits which is at issue. In his complaint, Levey asserts claims against Cogen Sklar for: (1) breach of contract; (2) promissory estoppel; (3) breach of duty of good faith; and (4) breach of fiduciary duty. (*Id.* at exhibit C.)

Cogen Sklar has asserted the defenses of novation and impossibility of performance in response to the allegations of the complaint. In addition, Cogen Sklar brought counterclaims against Levey for: (1) tortious interference with contractual relations; (2) breach of contract; (3) breach of fiduciary duty; and (4) misappropriation of trade secrets. (*Id.* at exhibit D.) Specifically, Cogen Sklar alleges that Levey wrongfully solicited clients, wrongfully removed proprietary customer information from Cogen Sklar, refused to bill clients for work done while he was employed by Cogen Sklar, and that he refused to properly transition his clients, causing the loss of revenue and clients to Cogen Sklar. *Id.*

Levey has filed the instant motion seeking partial summary judgment as to his breach of contract claim regarding the retirement benefits due and owing him by Cogen Sklar and also as to Cogen Sklar's counterclaims and defenses of novation and impossibility of performance.

### *Discussion*

### A. No Genuine Issue of Fact Exists As to Levey's Entitlement to Retirement Benefits Under the Partnership Agreement

A motion for summary judgment is proper in those cases where the pleadings, depositions, answers to interrogatories, admissions, affidavits and all other matters

of record demonstrate that there exists no genuine issue of material fact, and that, as a result, the moving party is entitled to judgment as a matter of law. *Frederick v. Action Tire Co.,* 744 A.2d 762 (Pa. Super. 1999); *Grossman v. Rosen,* 424 Pa. Super. 463, 623 A.2d 1 (1993). In deciding whether summary judgment is warranted, the court must construe the facts in a light most favorable to the non-moving party, in this case Cogen Sklar, and resolve all doubts and reasonable inferences as to the existence of a genuine issue of material fact in that party's favor. *Telega v. Security Bureau Inc.,* 719 A.2d 372 (Pa. Super. 1998).

The issue at bar is whether Cogen Sklar is bound by the terms of the partnership agreement in light of its contention that it "suspended" the retirement and withdrawal provisions of the partnership agreement prior to Levey's withdrawal from the firm. However, this court finds that no genuine issue of material fact exists and that the partnership agreement was still in effect at the time that Levey expressed his intent to withdraw from the partnership. Therefore, its terms are binding upon Cogen Sklar in connection with the retirement benefits due to Levey.[2]

On September 27, 2000, Levey effectively expressed his intent to leave Cogen Sklar at the end of the fiscal year, either by retiring or withdrawing[3] from the partnership, when the retirement and withdrawal provisions of

---

2. This court also finds that no novation occurred here. This issue is fully discussed in section B.1, *infra.*

3. In light of Levey's age at the time he provided his notice, this court finds no demonstrable difference between whether Levey was considered to be retired or withdrawn from the partnership under the terms of the partnership agreement.

the partnership agreement were still in effect. On that date, Levey submitted a letter noticing his intent to withdraw from the partnership "prior to any alternation of the partnership agreement." (Pl. mem. at exhibit K.) In his letter, he also stated "[i]f no such alteration, amendment or change occurs prior to March 31, 2001, my withdrawal will be effective at the end of the partnership's fiscal year, March 31, 2001 or same may be deemed my mandatory retirement at such time." *Id.*

The testimony of record fails to raise a genuine issue of material fact as to whether Levey's notice was received after the partners' execution of the consent. The facts clearly demonstrate that the partners did not formally suspend the retirement and withdrawal benefits of the partnership agreement until September 29, 2000, when the consent was executed,[4] two days after Levey provided notice. The partnership agreement is clear that "[n]o amendment shall change the rights or benefits of any partner deceased, retired or withdrawn prior to the date of the amendment." (Pl. mem., exhibit B, ¶29.) Thus, having exercised his rights to withdraw, prior to any purported suspension, Levey is entitled to benefits as calculated under partnership agreement. It is of no consequence that his withdrawal was not effective until the end of the fiscal year; rather, it is the notice that is determinative here.

However, this court does find that a genuine issue of material fact exists as to the amounts due and owing Levey under the partnership agreement, particularly with

---

4. This court finds that Cogen Sklar's argument that the suspension was effective at the September 25, 2000 partnership is belied by the facts of record, particularly the testimony of various partners of Cogen Sklar.

respect to the calculation of same. These issues must ultimately be determined at trial by the finder of fact. Accordingly, this case will proceed to trial on the issue of damages.

## B. Cogen Sklar's Affirmative Defenses Fail As a Matter of Law

Levey also moved for summary judgment as to Cogen Sklar's affirmative defenses of novation and impossibility of performance, arguing that such claims fail as a matter of law. The court agrees.

### 1. *Novation*

Cogen Sklar argues that Levey is not entitled to retirement benefits under the partnership agreement by virtue of a novation. (Def. am. new matter ¶5.) However, this purported defense is devoid of both factual and legal support and fails as a matter of law.

A novation may only be found where the evidence demonstrates: (1) the displacement and extinction of a valid contract; (2) the substitution for it of a valid new contract; (3) sufficient legal consideration for the new contract; and (4) the consent of the parties. *Melat v. Melat,* 411 Pa. Super. 647, 602 A.2d 380 (1992); *Buttonwood Farms Inc. v. Carson,* 329 Pa. Super. 312, 317, 478 A.2d 484, 486 (1984). The party asserting the defense of novation has the burden of proving that the parties intended to discharge the earlier contract, in this case the partnership agreement. *Id.* Even viewing the facts in a light most favorable to Cogen Sklar, the evidence presented does not support the finding of a novation.

First, there has been no evidence presented that the partners came to an agreement or common understanding as to the terms of a new agreement to replace the retirement and withdrawal provisions of the partnership agreement before Levey gave his notice, nor is there evidence of any consideration given in connection with a new agreement. Moreover, while the facts demonstrate that the partners of Cogen Sklar may have modified certain provisions of the partnership agreement in 1998, no modification of the retirement and withdrawal provisions was effectuated (if at all) until on or about May 9, 2002. (Def. mem. exhibit L.) A modification does not displace a prior valid contract; rather, the new contract acts as a substitute for the original contract, but only to the extent that it alters it. *Knight v. Gulf Refining Co.,* 311 Pa. 357, 360, 166 A. 880, 881 (1933). Thus, the retirement and withdrawal provisions of the partnership agreement were still in effect in September 2000, when Levey gave his notice that he intended to leave the firm.

Accordingly, Cogen Sklar's affirmative defense of novation fails as a matter of law.

## 2. *Impossibility*

Cogen Sklar has also asserted the affirmative defense of impossibility of performance, arguing that it cannot afford to pay Levey his retirement benefits and that its younger partners will leave the firm if it is required to do so. (Am. new matter ¶6.) However, this affirmative defense likewise fails as a matter of law.

The defense of legal impossibility is defined in section 261 of the Restatement (Second) of Contracts:

"Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate to the contrary." Restatement (Second) of Contracts §261; *Luber v. Luber,* 418 Pa. Super. 542, 546, 614 A.2d 771, 773 (1992); *Craig Coal Mining Co. v. Romani,* 355 Pa. Super. 296, 513 A.2d 437 (1986).

Thus, in order for a discharge to occur under this theory, there must be the occurrence of a supervening event that was not contemplated by the parties. Cogen Sklar has made no such showing here.

Moreover, Cogen Sklar maintains that its financial inability to pay the retirement benefits renders it impossible to perform under the partnership agreement. However this argument betrays a misunderstanding of the concept of legal impossibility. It is well-settled that the financial inability of one of the parties to complete its obligations under a contract will not effect a discharge under the defense of impossibility. Restatement (Second) of Contracts §261, cmts. b, e; *Luber,* 418 Pa. Super. at 546, 614 A.2d at 773; *Dorn v. Stanhope Steel Inc.,* 368 Pa. Super. 557, 534 A.2d 798 (1987) (theory of legal impossibility is based on an objective standard and will not apply if a performance remains practicable but is merely beyond a particular party's capacity to render it).

Cogen Sklar does not assert that performance itself under the partnership agreement is impossible, rather it argues that, due to other financial obligations, it is un-

able to perform. However, under the existing law of this Commonwealth, a party generally assumes the risk of his own inability to perform its contractual duties. *Dorn,* at 588, 534 A.2d at 813; Restatement (Second) of Contracts §261, cmt. e. As Cogen Sklar's asserted defense merely indicates an alleged financial inability to perform their duties under the partnership agreement, it does not rise to the level of legal impossibility and fails as a matter of law.

## C. Cogen Sklar's Counterclaims

Cogen Sklar has also brought counterclaims against Levey for: (1) tortious interference with contractual relations; (2) breach of contract; (3) breach of fiduciary duty; and (4) misappropriation of trade secrets. (*Id.* at exhibit D.) Specifically, Cogen Sklar asserts that Levey wrongfully solicited clients, wrongfully removed proprietary customer information from Cogen Sklar, refused to bill clients for work done while employed by Cogen Sklar, and failed to properly transition his clients, causing the loss of revenue and clients to Cogen Sklar. *Id.* Levey has moved for summary judgment as to each count. Based on the facts of record and reviewing the evidence in a light most favorable to Cogen Sklar, this court finds that Cogen Sklar has failed to present any evidence of wrongful conduct by Levey in connection with its claims against him for tortious interference with contractual relations (Count I), breach of fiduciary duty (Count III) and misappropriation of trade secrets (Count IV). These claims are wholly unsupported by the facts of record and fail as a matter of law due to the absence of any genuine issue of material fact.

As respects Cogen Sklar's breach of contract claim, this court finds that a material fact exists with respect to the amounts due and owing Cogen Sklar by Levey in connection with certain work performed by Levey following his departure for the firm.[5] Accordingly, Cogen Sklar's breach of contract claim will remain part of this litigation and any amounts determined to be due and owing to Cogen Sklar by Levey pursuant to ¶15.B(iii) of the partnership agreement will be offset from the amount of retirement benefits determined to be due and owing Levey. This issue must also be determined at trial by the finder of fact.

## Conclusion

For the above-stated reasons, this court finds as follows:

(1) Plaintiff's motion for summary judgment as to Count I of the complaint (breach of contract) is *granted in part;* trial will proceed as to damages only;

(2) Plaintiff's motion for summary judgment as to defendant's affirmative defenses of novation and impossibility is *granted;*

(3) Plaintiff's motion for summary judgment as to Count I (tortious interference), Count III (breach of fiduciary duty) and Count IV (misappropriation of trade secrets) of defendant's counterclaim is *granted;* and

(4) Plaintiff's motion for summary judgment as to Count II of defendant's counterclaim (breach of contract) is *denied.*

---

5. Morever, Levey does not contest that such amounts are due and owing. (Pl. mem. at 30.)

This case will proceed to trial on the remaining claims, as well for the assessment of damages with respect to Count I of the complaint.

This court will enter a contemporaneous order consistent with this opinion.

## ORDER

And now, June 20, 2003, upon consideration of the motion for partial summary judgment of plaintiff Marvin A. Levey, all responses in opposition, the respective memoranda, all matters of record, and in accordance with the contemporaneous memorandum opinion, it hereby is *ordered* and *decreed* as follows:

(1) Plaintiff's motion as to Count I of the complaint (breach of contract) is *granted in part;* trial will proceed as to damages only;

(2) Plaintiff's motion as to defendant's affirmative defenses of novation and impossibility is *granted;*

(3) Plaintiff's motion as to Count I (tortious interference), Count III (breach of fiduciary duty), and Count IV (misappropriation of trade secrets) of defendant's counterclaim is *granted;* and

(4) Plaintiff's motion as to Count II of defendant's counterclaim (breach of contract) is *denied.*

This case will proceed to trial on the remaining claims, as well for the assessment of damages with respect to Count I of the complaint.